1  ARTHUR M. EIDELHOCH, Bar No. 168096
PAUL S. COWIE, Bar No. 250131
2  LITTLER MENDELSON
A Professional Corporation
3  650 California Street, 20th Floor
San Francisco, CA  94108.2693
4  Telephone:    415.433.1940
Facsimile:    415.399.8490
5  Email:        aeidelhoch@littler.com
Email:        pcowie@littler.com
6

7  Attorneys for Defendants
CONCENTRA HEALTH SERVICES, INC. and
8  DIANA ROZA

9

                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

TERESA HORTON,                    Case No. **C08-01758**
12
                 Plaintiff,       **NOTICE TO FEDERAL COURT OF**
13                                 **REMOVAL OF CIVIL ACTION FROM**
         v.                        **STATE COURT (DIVERSITY)**
14
CONCENTRA HEALTH SERVICES,        **28 U.S.C. §§ 1332, 1441, 1446**
15  INC., a corporation, DIANA ROZA, an
individual, and DOES 1-50, inclusive,   Alameda County Superior Court
16                                 Case No. RG08374996
                 Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
an Francisco, CA  94108 2693
415 433 1940

NOTICE TO FEDERAL COURT OF
REMOVAL

CASE NO.

1

**TABLE OF CONTENTS**

2

PAGE

3   I.    JURISDICTION AND VENUE ............................................................................. 1

4   II.   STATUS OF THE PLEADINGS .......................................................................... 1

5   III.  DEFENDANTS ....................................................................................................... 3

6   IV.   DOE DEFENDANTS ............................................................................................. 3

7   V.    DIVERSITY OF CITIZENSHIP ......................................................................... 3

8         A.    Manager's Privilege ...................................................................................... 4

9               (i)    Application ......................................................................................... 5

10        B.    Claim for Intentional Infliction of Emotional Distress Necessarily Fails................... 8

11              (i)    Plaintiff's Claim for Intentional Infliction of Emotional Distress is
                       Preempted by Workers' Compensation ............................................. 8

12

13              (ii)   No Outrageous Conduct................................................................... 10

14        C.    Diversity Of Citizenship Exists As To Remaining Parties ........................ 11

14  VI.   AMOUNT IN CONTROVERSY ........................................................................ 12

15  VII.  CONCLUSION..................................................................................................... 13

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

PAGE

## CASES

*Aalgaard v. Merchants Nat. Bank, Inc.,*
224 Cal. App. 3d 674 (1990) ................................................................. 4, 7

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,*
7 Cal. 4th 503 (1994) ................................................................................. 7

*Burden v. General Dynamics Corp.,*
60 F.3d 213 (5th Cir. 1995) ................................................................. 5, 10

*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund,*
24 Cal. 4th 800 (2001) .............................................................................. 9

*Cochran v. Cochran,*
65 Cal. App. 4th 488 (1998) .................................................................... 10

*Cole v. Fair Oaks Fire Protection Dist.,*
43 Cal.3d 148 (1987) ...................................................................... 8, 9, 10

*Delfino v. Agilent Technologies, Inc.,*
145 Cal. App. 4th 790 (2006) .................................................................. 10

*Emrich v. Touche Ross & Co.,*
846 F.2d 1190 (9th Cir. 1988) ................................................................... 3

*Farias v. Bexar County Bd. of Tr. for Mental Health,*
925 F.2d 886 (5th Cir. 1991) ..................................................................... 3

*Gantt v. Sentry Insurance,*
1 Cal. App. 4th 1083 (1992) ...................................................................... 8

*Gibson v. Chrysler Corp.,*
261 F. 3d 927 (9th Cir. 2001) .................................................................. 12

*Goldberg v. C.P.C. Int'l, Inc.,*
678 F. 2d 1365 (9th Cir. 1982) ................................................................ 13

*Imperial Ice v. Rossier,*
18 Cal. 2d 33 (1941) ................................................................................. 7

*Jones v. Lodge at Torrey Pines P'ship,*
42 Cal. 4th 1158 (2008) ............................................................................ 5

*Kacludis v. GTE Sprint Communications,*
806 F. Supp. 866 (N.D. Cal. 1992) ........................................... 4, 5, 7, 8, 10

*Los Angeles Airways, Inc. v. Davis,*
687 F.2d 321 (9th Cir. 1982) ..................................................................... 6

*Manti v. Gunari,*
5 Cal. App. 3d 442 (1970) ......................................................................... 7

*McCabe v. General Foods Corp.,*
811 F.2d 1336 (9th Cir. 1987) .................................................... 4, 5, 6, 10

*Newcombe v. Adolf Coors Co.,*
157 F.3d 690 (9th Cir. 1998) ................................................................... 11

TTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108 2693
415 433 1940

ii.

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

*Owens v. Kings Supermarket,*
198 Cal. App. 3d 379 (1988) ..................................................................... 7

*Phillips v. Gemini Moving Specialists,*
63 Cal.App. 4th 563 (1998) ..................................................................... 8, 9

*Reno v. Baird,*
18 Cal. 4th 640 (1998) ............................................................................. 5

*Republic Western Ins. v. International Ins.,*
765 F. Supp. 628 (N.D. Cal. 1991) ........................................................... 3

*Salverson v. W. States Bankcard Ass'n,*
731 F.2d 1423 (9th Cir. 1984) ................................................................... 3

*Sanchez v. Monumental Life Ins. Co.,*
95 F.3d 856 (9th Cir. 1996) ..................................................................... 12

*Schneider v. TRW, Inc.,*
938 F.2d 986 (9th Cir. 1991) ................................................................... 10

*Shoemaker v. Myers,*
52 Cal. 3d 1 (1990) ................................................................................. 9

*Strawbridge v. Curtiss,*
7 U.S. (3 Branch) 267 (1806) ................................................................. 11

*United Food Local 919 v. Centermarie Properties,*
30 F.2d 298 (2nd Cir. 1994) ................................................................... 11

*Wanland v. Los Gatos Lodge, Inc.,*
230 Cal. App. 3d 1507 (1991) ................................................................... 7

*White v. FCI USA, Inc.,*
319 F.3d 672 at 675 (2003) ............................................................... 12, 13

*Wilson v. Monarch Paper Co.,*
939 F.2d 1138 (5th Cir. 1991) ................................................................. 10

**STATUTES**

28 U.S.C. § 1332 ..................................................................................... 3

28 U.S.C. § 1332(a) ................................................................................. 1

28 U.S.C. § 1332(c)(1) ........................................................................... 11

28 U.S.C. § 1391 ..................................................................................... 1

28 U.S.C. § 1441 ..................................................................................... 1

28 U.S.C. § 1441(a) ................................................................. 1, 3, 11, 13

28 U.S.C. § 1446 ..................................................................................... 1

28 U.S.C. § 1446(b) ................................................................................. 2

28 U.S.C. § 1446(d) ................................................................................. 2

28 U.S.C. § 84(a) ..................................................................................... 1

Cal. Code Civ. Proc. § 415.30(c) ............................................................. 2

ITLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108 2693
415 433 1940

1

**TABLE OF AUTHORITIES**
(CONTINUED)

2
PAGE

3 **OTHER AUTHORITIES**

4 4 Witkin, California Procedure 4th ed. (1997) § 413 ........................................................ 7

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TLER MENDELSON
ROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108 2693
415 433 1940

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
   DISTRICT OF CALIFORNIA AND TO PLAINTIFF TERESA HORTON AND HER ATTORNEY
2  OF RECORD:

3          PLEASE TAKE NOTICE THAT Defendant CONCENTRA HEALTH SERVICES,

4  INC. ("Concentra" or "Defendant") hereby removes the above-titled action from the Superior Court

5  of the State of California for the County of Alameda to the United States District Court, pursuant to

6  28 U.S.C. §§ 1441 and 1446.

7  **I.    JURISDICTION AND VENUE**

8          1.      This action is a civil action over which this Court has original jurisdiction

9  based upon the complete diversity of citizenship of the parties pursuant to § 1332(a) and is one

10 which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441 because it is a civil

11 action between citizens of different states and the amount in controversy exceeds $75,000, exclusive

12 of interest and costs, as set forth below.

13         2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a)

14 and 1446, in that this Court is the court for the district and division embracing the place where the

15 action is pending in sate court.

16 **II.   STATUS OF THE PLEADINGS**

17         3.      On March 5, 2008, Plaintiff Teresa Horton ("Plaintiff") commenced this

18 action by filing a Summons, Civil Cover Sheet and a Complaint in the Superior Court of the State of

19 California, County of Alameda, entitled *Teresa Horton, Plaintiff v. Concentra Health Services, Inc.,*

20 *Diana Roza, and Does 1 through 50, inclusive, Defendants*, designated Superior Court Case

21 No. RG08374996 ("Complaint").  True and correct copies of the Civil Action Sheet, Summons and

22 Complaint are attached hereto as Exhibit A. The Complaint alleged the following causes of action:

23 (1) Retaliation—FEHA; (2) Failure To Prevent Sexual Harassment And Retaliation—FEHA;

24 (3) Wrongful Termination In Violation Of Public Policy; (4) Unfair Business Practices—Cal. Bus.

25 Prof. Code § 17200; and (5) Intentional Infliction Of Emotional Distress.

26         4.      On March 7, 2008, the Court issued a Notice of Case Management

27 Conference and Order, a copy of which is attached as Exhibit B.

28

TLER MENDELSON
ROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA  94108 2693
415 433 1940

**NOTICE TO FEDERAL COURT OF
REMOVAL**                                1.                              **CASE NO.**

1      5.      On March 7, 2008, the Court issued a Notice of Judicial Assignment for All
2  Purposes, a copy of which is attached as Exhibit C.

3      6.      On March 19, 2008, Plaintiff filed a Preemptory Challenge to Judge Steven A.
4  Brick and Affidavit Supporting Preemptory Challenge, as well as a Declaration of Lawrence Organ
5  in Support of the Preemptory Challenge and a Proposed Order, copies of which are attached as
6  Exhibit D.

7      7.      On March 20, 2008, the Court filed an Order Granting Motion for Preemptory
8  Challenge to Judge, a copy of which is attached as Exhibit E.

9      8.      On March 21, 2008, the Court issued a Notice of Judicial Reassignment for
10  All Purposes, together with a Minute Order, copies of which are attached as Exhibit F.

11      9.      On March 21, 2008, the Court issued a Notice of Case Management
12  Conference and Order (Amended), a copy of which is attached as Exhibit G.

13      10.     A true and correct copy of the Alameda Superior Court's Register of Actions
14  for the case is attached hereto as Exhibit H.

15      11.     Defendant Concentra, by and through its attorneys executed and returned to
16  Plaintiff's counsel a Notice and Acknowledgement of Receipt of Service on March 25, 2008.
17  Accordingly, service on Defendant Concentra was completed on March 25, 2008. (Code Civ. Proc.
18  § 415.30(c)).

19      12.     Defendant Concentra is informed and believes, and on that basis asserts, that
20  as of the date of this Notice of Removal, Ms. Diana Roza has not been served with the Complaint.

21      13.     This Notice to Federal Court of Removal of Civil Action from State Court is
22  timely filed pursuant to 28 U.S.C. § 1446(b). Defendants have filed this Notice within 30 days after
23  Defendant Concentra was served with the Complaint and within one year after commencement of
24  this action.

25      14.     Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal to
26  Federal Court shall be filed contemporaneously with the Clerk of the Court for the Superior Court of
27  the County of Alameda, California and a copy shall be served on Plaintiff's counsel of record. A
28  copy of said Notice is attached hereto as Exhibit I.

TLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108 2693
415 433 1940

NOTICE TO FEDERAL COURT OF
REMOVAL                                    2.                                    CASE NO.

1     15.    No further proceedings have been conducted in this case in the Superior Court

2   of Alameda.

3   **III.    DEFENDANTS**

4          As of the date of filing this Notice, Plaintiff has not effectuated service upon

5   Ms. Roza.  Therefore, Ms. Roza is not required to join this Notice of Removal.  28 U.S.C. § 1441(a);

6   *Salverson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (party not served need

7   not be joined in removal); *Farias v. Bexar County Bd. of Tr. for Mental Health*, 925 F.2d 886, 871

8   (5th Cir. 1991) (joinder is not required by persons named as defendants solely to prevent removal).

9   **IV.    DOE DEFENDANTS**

10         16.    Defendant is informed and believes that none of the Doe Defendants in this

11   case have been identified or served.  Doe Defendants designated 1 to 50 are fictitious, are not parties

12   to this action, have not been served, and are to be disregarded for the purpose of this removal.

13   28 U.S.C. § 1441(a).   For this reason, the Doe Defendants need not be joined in this removal.

14   *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988) (general rule that all

15   defendants in a state action must join in removal applies only to defendants served in the action);

16   *Republic Western Ins. v. International Ins.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("The law of this

17   circuit [] is that defendants upon whom service has not been effected at the time the notice is filed,

18   need not join in the notice of removal").

19   **V.    DIVERSITY OF CITIZENSHIP**

20         17.    This action is a civil action over which this Court has original jurisdiction

21   under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant Concentra pursuant

22   to 28 U.S.C. § 1441(a) based on the existence of diversity of citizenship between the real parties to

23   this action and on the fact that the amount in controversy exceeds $75,000.

24         18.    Plaintiff's sole cause of action against Ms. Roza is for Intentional Infliction of

25   Emotional Distress (Complaint ¶ 63, pp. 12:17-13:22).  Plaintiff has no possibility of proving this

26   claim against Ms. Roza because Ms. Roza is immune from individual liability for her alleged

27   wrongdoing under the doctrine of manager's privilege.   Additionally, Plaintiff's claim against

28   Ms. Roza is preempted by the exclusivity of the California workers' compensation system.

TTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108 2693
415 433 1940

NOTICE TO FEDERAL COURT OF
REMOVAL                                3.                              CASE NO.

1    19.    Plaintiff's cause of action alleged against Ms. Roza constitutes a fraudulent

2    joinder because there are no colorable grounds for asserting this claim against Ms. Roza.

3    20.    Plaintiff's Complaint alleges the following: Plaintiff was employed by

4    Defendant Concentra as a Center Administrator. At the time of Plaintiff's termination, her direct

5    supervisor was Ms. Roza. Ms. Roza allegedly intentionally inflicted emotional distress on Plaintiff

6    by engaging in outrageous conduct entirely within the course and scope of her Concentra

7    employment. (Complaint ¶ 64, p. 12:22-28.) In Paragraph 7 of the Complaint, Plaintiff alleges that

8    "at all times herein mentioned each of the defendants was acting as the partner, agent, servant, and

9    employee of each of the remaining defendants, and in doing the things alleged herein was acting

10   within the course and scope of such agency..." In Paragraph 67 of the Complaint, which is included

11   within the several paragraphs that assert the claim of Intentional Infliction of Emotional Distress

12   against Ms. Roza, Plaintiff specifically alleges that in engaging in the alleged conduct "DIANA

13   ROZA acted in the course of the scope of her duties as a manager for Defendant Concentra."

14   Because Ms. Roza was allegedly acting at all times within the course and scope of her employment,

15   Plaintiff's sole claim against Ms. Roza is barred under the manager's privilege doctrine.

16   21.    Ms. Roza is immune from liability pursuant to the manager's privilege

17   doctrine. *McCabe v. General Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987).

18   **A.    Manager's Privilege**

19   22.    The issue here is that Ms. Roza has been fraudulently joined to avoid removal

20   jurisdiction because no viable cause of action has been asserted against Ms. Roza. Specifically,

21   Plaintiff alleges that Ms. Roza acted "in the course of the scope of her duties as a manager" with

22   respect to Plaintiff's claim of intentional infliction of emotional distress against Ms. Roza.

23   (Complaint. ¶ 67, p. 13:9-10.) The result is that Ms. Roza's alleged acts were privileged under the

24   manager's privilege doctrine. *Aalgaard v. Merchants Nat. Bank, Inc.*, 224 Cal. App. 3d 674, 684-

25   686 (1990); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Kacludis v. GTE

26   Sprint Communications*, 806 F. Supp. 866, 872 (N.D. Cal. 1992). If there is no possibility that the

27   state court would recognize a valid cause of action against the non-diverse defendant, then that

28

TTLER MENDELSON
Professional Corporation
650 California Street
20th Floor
Francisco, CA 94108 2693
415 433 1940

NOTICE TO FEDERAL COURT OF
REMOVAL                              4.                              CASE NO.

1   defendant has been fraudulently joined and must be ignored for the purposes of diversity

2   jurisdiction. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217-218 (5th Cir. 1995).

3           **(i)    Application**

4           23.     The manager's privilege applies where a party acts within the course and

5   scope of her employment and protects a manager's right to manage her employees:

6           > If that privilege protects nothing else, it protects a manager's right to
7           > manage personnel (including firing and hiring) without fear of
            > independent liability, absent concrete and specific allegations that such
8           > actions were *entirely* for the benefit of the individual.

9   *Kacludis, supra* at 872.

10          24.     In *Kacludis*, plaintiff alleged intentional infliction of emotional distress

11  against his former employer, Sprint and his direct supervisor, Malik.  Plaintiff's assertions were

12  based upon Malik's alleged retaliatory conduct directed towards plaintiff following a complaint

13  made by plaintiff regarding Malik's management style.   The alleged retaliation consisted of

14  informing plaintiff that his position was likely to be eliminated in a reorganization and then

15  preventing plaintiff from transferring to another position within Sprint, with the result that he was

16  terminated when the reorganization occurred.   The court held that Malik's alleged conduct was

17  "paradigmatic of the sort of activities protected by the manager's privilege" and so no claim lay

18  against Malik as the individual defendant.

19          25.     That is exactly the sort of work-related allegations made against Ms. Roza

20  here.  All of Ms. Roza's alleged wrongdoing which allegedly caused Plaintiff to suffer emotional

21  distress arises entirely out of the performance of Ms. Roza's managerial duties, including alleged

22  withholding of wages, alleged solicitation of negative comments from other employees, alleged

23  undermining of Plaintiff's authority in the workplace and alleged involvement in terminating

24  Plaintiff's employment.   (*See* Complaint ¶ 64, p 12:24-28.)   All of these alleged acts consist of

25  management decisions and conduct for which there can be no individual liability. *See, e.g., Reno v.*

26  *Baird*, 18 Cal. 4th 640 (1998) and *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158 (2008).

27          26.     Further support is found in *McCabe (supra)*, which is factually very similar

28  and is directly on point as to a number of key issues.  In *McCabe* plaintiff brought an action against

TTLER MENDELSON
Professional Corporation
650 California Street
20th Floor
Francisco, CA  94108 2693
415 433 1940

**NOTICE TO FEDERAL COURT OF**                    5.                                **CASE NO.**
**REMOVAL**

1   his former employer and immediate supervisors for wrongful discharge and related injuries,

2   including an action for "emotional distress, intentionally inflicted." Plaintiff alleged that his

3   termination was motivated by the ill-will and malice of his immediate supervisors and was ratified

4   by the employer. The defendants removed the case to federal district court on diversity grounds,

5   arguing that the individual defendants had been fraudulently joined. The district court dismissed the

6   supervisors from the case, as fraudulently-joined defendants. In response plaintiff amended his

7   pleading to state that the supervisors has acted "solely in their own self-interest." *Id.* at 1338. The

8   Court of Appeal held that no action could be brought against the supervisors on the basis it was

9   obvious from the face of the complaint that their actions had been in their managerial capacity. The

10  court concluded that:

11          McCabe failed to state any cause of action against [the supervisors];
            their joinder to [employer] as defendants was a sham; their presence
12          did not destroy diversity.

13  27.    *McCabe* presents the same scenario faced here by Ms. Roza. As alleged by

14  Plaintiff, Ms. Roza's actions were at all times in her managerial capacity. Like *McCabe*, that is

15  apparent from the face of Plaintiff's Complaint.

16  28.    The Court in *McCabe* also confirmed that unless the individual's alleged

17  actions were entirely motivated for the employee's own benefit, there could be no liability regardless

18  of any intent, ill-will or malice:

19          It is clear that "if an advisor is motivated in part by a desire to benefit
            his principal," his conduct is, under California law, privileged.
20

21  *Id.* at 1339, *citing Los Angeles Airways, Inc. v. Davis,* 687 F.2d 321, 328 (9th Cir. 1982).

22  29.    Here, Ms. Roza was alleged to be acting solely for the benefit of her

23  employer, Defendant Concentra. On the face of Plaintiff's Complaint alone, the court can conclude

24  that no cause of action has been stated against Ms. Roza, as her actions, according to the Complaint,

25  were in her managerial capacity.

26  30.    Because Ms. Roza's alleged acts were, as alleged, made "in the course and

27  scope of employment," her acts are privileged under the manager's privilege even if the acts were

28  also allegedly made with malice and/or intent to injure. *McCabe v. General Foods Corp.* (9th Cir.

**NOTICE TO FEDERAL COURT OF REMOVAL**       6.       **CASE NO.**

1   1987) 811 F.2d 1336, 1339 (under California law, where conduct is alleged to have been in the

2   course of employment, manager's privilege precludes individual liability, even if conduct was also

3   motivated by bias or ill will); *Kacludis v. GTE Sprint Communications* (N.D. Cal. 1992) 806 F.

4   Supp. 866, 872 (comments allegedly made "with malice" and "with no reason to believe the

5   statements were true" fall within manager's privilege unless made entirely for the benefit of the

6   individual manager and not in any respect performed in a managerial capacity); *Imperial Ice v.*

7   *Rossier*, 18 Cal. 2d 33, 36 (1941) (existence of malice or ill will by the manager or agent toward the

8   plaintiff is irrelevant and will not destroy the manager's privilege); *see Wanland v. Los Gatos Lodge,*

9   *Inc.*, 230 Cal. App. 3d 1507, 1522 (1991) ("manager need not be acting solely in his or her

10  employer's interest in order to claim the privilege; all that is required is proof that the employer's

11  interest was one of the factors motivating his or her conduct or advice"); *Aalgaard v. Merchants Nat.*

12  *Bank, Inc.* (1990) 224 Cal. App. 3d 674, 684-686; *Applied Equipment Corp. v. Litton Saudi Arabia*

13  *Ltd.*, 7 Cal. 4th 503, 512 n.4 (1994). Here, the alleged acts of Ms. Roza were entirely for the benefit

14  of her employer, which is apparent from Plaintiff's Complaint. The alleged acts of Ms. Roza are all

15  within the usual bounds of a "manager's right to manage" *Kacludis, supra* at 872.

16          31.    Furthermore, Plaintiff cannot save her claim against Ms. Roza by

17  contradicting her present Complaint to allege, for example, that Ms. Roza was not acting in the

18  course and scope of her employment when she engaged in the alleged acts. *Manti v. Gunari*, 5 Cal.

19  App. 3d 442, 449-450 (1970) (pleader may not abandon, omit or contradict allegations in a

20  successive complaint to state a cause of action); *Owens v. Kings Supermarket*, 198 Cal. App. 3d 379,

21  383-384 (1988) (pleader may not avoid defects of prior complaint by omitting allegations that

22  rendered complaint defective or by pleading facts which are inconsistent with that prior pleading);

23  4 Witkin, California Procedure 4th ed. (1997) § 413, supplemented 2007 § 415 (allegation in

24  pleading is binding judicial admission).

25          32.    Because the alleged acts of Ms. Roza were, according to Plaintiff's own

26  pleading, made in the course and scope of employment, her alleged conduct falls squarely within the

27  protection afforded by the manager's privilege. Accordingly, Ms. Roza is protected from individual

28  liability and her citizenship must be disregarded for the purposes of this removal.

TTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
, Francisco, CA 94108 2693
415 433 1940

**NOTICE TO FEDERAL COURT OF REMOVAL**          7.          **CASE NO.**

1    **B.    Claim for Intentional Infliction of Emotional Distress Necessarily Fails**

2        33.    In any event, Plaintiff cannot maintain her sole claim against Ms. Roza for

3    intentional infliction of emotional distress because (i) that claim is preempted by the exclusivity of

4    the workers' compensation system; and (ii) Ms. Roza's conduct as alleged was not outrageous.

5        **(i)    Plaintiff's Claim for Intentional Infliction of Emotional Distress is
             Preempted by Workers' Compensation**

6

7        34.    Because of the exclusivity of the workers' compensation system, Plaintiff's

8    sole cause of action against Ms. Roza for intentional infliction of emotional distress must fail.

9    California law is clear that to avoid the broad impact of workers' compensation exclusivity, a

10   plaintiff must be able to maintain a viable statutory or public policy cause of action based on the

11   conduct giving rise to the intentional infliction of emotional distress claim ("IIED").   *See Cole v.*

12   *Fair Oaks Fire Protection Dist.,* 43 Cal.3d 148, 160 (1987); *Phillips v. Gemini Moving Specialists,*

13   63 Cal. App. 4th 563 (1998);   *Kacludis v. GTE Sprint Communications* (N.D. Cal. 1992) 806 F.

14   Supp. 866.  Plaintiff here has no such cause of action.

15       35.    In *Kacludis,* the plaintiff sued his former employer (Sprint) and direct

16   supervisor (Malik) alleging, amongst other claims, intentional infliction of emotional distress.  The

17   Court for the Northern District of California held that plaintiff could not proceed with his complaint

18   against Malik because, under California law, the worker's compensation system was the exclusive

19   remedy for claims of intentional infliction of emotional distress.

20       36.    Here, Plaintiff has only alleged a stand alone IIED claim, which she cannot do

21   in the employment context:

22           . . . an employee can have no tort recovery for emotional distress
             resulting from his employment.  The emotional distress which stems
23           from an employer's unfavorable supervisory decisions, including
             termination of employment, is a normal part of the employment
24           relationship, even when the distress results from an employer's
             conduct that is intentional, unfair or outrageous. . . .
25

26   *Phillips v. Gemini Moving* Specialists (1998) 63 Cal. App. 4th 563, 576-577, *citing Gantt v. Sentry*

27   *Insurance,* 1 Cal. App. 4th 1083, 1099 (1992).

28

ITLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108 2693
415 433 1940

NOTICE TO FEDERAL COURT OF
REMOVAL                                  8.                                CASE NO.

1         37.    Plaintiff's allegations of intentional infliction of emotional distress against

2    Ms. Roza are set out at paragraph 64 of her Complaint and include only normal supervisory

3    decisions and actions.    The totality of plaintiff's allegations against Ms. Roza consist of the

4    termination of her employment, writing her up, blaming her for problems, undermining her

5    authority, soliciting negative comments from her co-workers, withholding monies and creating

6    problems for her *in the workplace.*    Accordingly, Plaintiff's IIED claim alleging emotional distress

7    caused by Ms. Roza (even if based on intentional, unfair or outrageous conduct) falls squarely within

8    the exclusive remedy provided by the workers' compensation system because there is no separate

9    statutory or public policy claim against Ms. Roza.

10         38.    Plaintiff can avoid the preclusive effect of workers' compensation exclusivity

11    rule only if the cause of action alleged against Ms. Roza is dependent upon the violation of an

12    express statute or violation of fundamental public policy.    *Shoemaker v. Myers*, 52 Cal. 3d 1, 25

13    (1990); *Phillips v. Gemini Moving Specialists*, 63 Cal. App. 4th 563, 576-577 (1998).    Plaintiff does

14    not and cannot allege a violation of statute or public policy with respect to her claim against

15    Ms. Roza.

16         39.    Consistent with this principle, it is important to note that, as alleged,

17    Ms. Roza's conduct occurred within the course and scope of her employment. (Complaint, ¶ 67,

18    p 13:8-10.)    In such circumstances, it is clear that workers' compensation provides the exclusive

19    remedy:

20         In order to properly manage its business, every employer must on
occasion review, criticize, demote, transfer and discipline employees.
21         Employers are necessarily aware that that their employees will feel
distressed by adverse personnel decisions, while employees may
22         consider any such adverse action to be improper and outrageous.

23    *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 160.    For purposes of workers'

24    compensation exclusivity, conduct is outside the normal risks of employment only if it can <u>never</u> be

25    viewed as a "normal aspect of . . . the employment relationship." *Charles J. Vacanti, M.D., Inc. v.*

26    *State Comp. Ins. Fund*, 24 Cal. 4th 800, 822 (2001).

27

28

TLER MENDELSON
ROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108 2693
415 433 1940

NOTICE TO FEDERAL COURT OF
REMOVAL                    9.                    CASE NO.

(ii)    **No Outrageous Conduct**

40.    In addition, Plaintiff has failed to allege any facts that could support the proposition that Ms. Roza's conduct even came close to the level of outrageousness needed to succeed on a claim for intentional infliction of emotional distress. Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities are not sufficient for liability based upon a cause of action for intentional infliction of emotional distress. *Delfino v. Agilent Technologies, Inc.*, 145 Cal. App. 4th 790, 809 (2006).

41.    California law only permits recovery for conduct "so extreme and outrageous as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *McCabe supra* at 1340. Plaintiff's allegations do not come close to this high standard. The requisite outrageousness is not proved where "the kinds of conduct at issue...are a normal part of the employment relationship." *Kacludis* at 871.

> In order to properly manage its business, every employer must on occasion review, criticize, demote, transfer and discipline employees. Employers are necessarily aware that that their employees will feel distressed by adverse personnel decisions, while employees may consider any such adverse action to be improper and outrageous.

Cole v. Fair Oaks Fire Protection Dist., 43 Cal. 3d 148, 160.

42.    That is exactly what Plaintiff has alleged: namely that Ms. Roza was at all times acting within the course and scope of her duties as a manager and that in carrying out her managerial responsibilities she caused Plaintiff to suffer upset. California law is clear that such management decisions do not rise to the level of outrageous conduct required to proceed with a claim for intentional infliction of emotional distress. *See also Kacludis, supra* at 870-872.

43.    Cases where the defendant's conduct was not deemed outrageous include: *Schneider v. TRW, Inc.*, 938 F.2d 986, 992-993 (9th Cir. 1991) (applying California law, summary judgment held proper where plaintiff's evidence showed her supervisor screamed, yelled and made threatening gestures while criticizing her job performance); *Wilson v. Monarch Paper Co.*, 939 F.2d 1138 (5th Cir. 1991) (because conduct was "within the realm of an ordinary employment dispute," it was not sufficient to support a claim for IIED.) Cited in *Burden supra* at 219; *Cochran v. Cochran*, 65 Cal. App. 4th 488 (1998) (alleged death threat in a telephone message left by the defendant

TLER MENDELSON
¹⁰ᴾᴿᴼᶠᴱˢˢᴵᴼᴺᴬᴸ ᶜᴼᴿᴾᴼᴿᴬᵀᴵᴼᴺ
650 California Street
20th Floor
francisco, CA 94108 2693
415 433 1940

**NOTICE TO FEDERAL COURT OF REMOVAL**               10.               **CASE NO.**

1  engaged in "an intimate relationship gone bad" with the plaintiff, was an example of "hostile

2  unpleasantries which are intended to sting whoever sits at the delivery end," but which are beyond

3  the reach of the tort of intentional infliction of emotional distress).

4      44.    There being no alleged facts to support a finding of outrageous conduct,

5  Plaintiff's claim against Ms. Roza must also fail on that basis.

6  **C.    Diversity Of Citizenship Exists As To Remaining Parties**

7      45.    Ms. Roza is not a proper party to this lawsuit and thus for purposes of

8  diversity, her citizenship must be disregarded.

9      46.    The remaining parties to this action have complete diversity of citizenship in

10  that Defendant Concentra was at the time the action was filed and remains now a citizen of Nevada

11  and Texas, being a corporation formed under the laws of Nevada and having its principal place of

12  business in Texas.[1] 28 U.S.C. § 1332(c)(1). Plaintiff was at the time of filing this action, and is now

13  at the time of this removal, a citizen of California.

14      47.    Diversity of citizenship exists so long as no plaintiff is a citizen of the same

15  state as any defendant at the time the action was filed and at the time of removal. *See Strawbridge v.*

16  *Curtiss*, 7 U.S. (3 Branch) 267 (1806); *see also United Food Local 919 v. Centermarie Properties*,

17  30 F.2d 298, 301 (2nd Cir. 1994). For purposes of removal, the citizenship of Doe Defendants are

18  disregarded and only named defendants are considered. 28 U.S.C. § 1441(a); *see Newcombe v.*

19  *Adolf Coors Co.*, 157 F.3d 690 (9th Cir. 1998).

20      48.    Complete diversity of citizenship exists by and between the parties because

21  Ms. Roza was fraudulently joined to this action and the remaining parties, Plaintiff and Concentra,

22  are citizens of different states. Complete diversity between Plaintiff and Concentra existed both at

23  the time the action was filed and exists now at the time of this removal. Consequently, this matter

24  may properly be removed to this Court.

[1] Concentra has its corporate headquarters in Texas and that is where its corporate officers are located.

LITTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108 2693
415 433 1940

NOTICE TO FEDERAL COURT OF REMOVAL    11.    CASE NO.

## VI.    AMOUNT IN CONTROVERSY

49.    It is clear on the face of the Complaint that the amount in controversy exceeds this Court's jurisdictional minimum of $75,000.[2]  To establish this, Defendant Concentra need only show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996) (amended 102 F.3d 398, 404).

50.    Plaintiff has pleaded five separate causes of action and has alleged damages including: "loss of income, loss of advance and promotions, loss of career opportunity and loss of tangible benefits," (Complaint ¶ 39, p. 8:12-14).  Plaintiff's last salary was $53,690.21 per annum and it is now nearly two years since her employment ended.  Therefore, based on past loss of earnings alone the amount in controversy exceeds $75,000.  In addition, Plaintiff claims lost past and future benefits, future loss of wages, as well as alleged loss of career opportunity and promotions.  These alleged damages easily meet the jurisdictional minimum.

51.    Plaintiff has also alleged that she has suffered "severe emotional distress," "humiliation and embarrassment." (*See* Complaint ¶ 39, p. 8:10 and ¶ 65, p. 13:2).  Awards for emotional distress may well exceed $75,000.  Therefore, again, on this basis alone, the amount of damages claimed by Plaintiff is likely to exceed the jurisdictional minimum.

52.    Further, Plaintiff has asserted claims to punitive damages with respect to four out of her five claims for damages.  (Complaint ¶¶ 40, 52, 57 and 70.)  Although Defendant Concentra denies that it could or should be liable for punitive damages, for purposes of assessing whether the amount in controversy element has been satisfied in order to invoke diversity jurisdiction, the Ninth Circuit Court of Appeals has specifically held that such damages claimed by Plaintiff are properly included in computing the jurisdictional amount. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  Punitive damages on any one of Plaintiff's claims could meet the

---

[2] See *White v. FCI USA, Inc.*, 319 F.3d 672 at 675 (2003)—lengthy list of compensatory and punitive damages including loss of pay, fringe benefits, impaired earning capacity, harm to credit, emotional distress, combined with a claim for attorney fees sufficient to meet burden that it was more likely than not that amount in controversy would exceed jurisdictional minimum.

TTLER MENDELSON
PROFESSIONAL CORPORATION
850 California Street
20th Floor
Francisco, CA 64108 2693
415 433 1940

NOTICE TO FEDERAL COURT OF REMOVAL    12.    CASE NO.

1    jurisdictional requirement. *See White v. FCI USA, Inc.*, 319 F.3d 672 at 675) (punitive damages

2    alone was more likely than not to exceed the jurisdictional amount.)

3         53.    In addition, Plaintiff also seeks an award of her attorney's fees with respect to

4    several of her claims, all of which should be considered when calculating the amount in controversy.

5    *Goldberg v. C.P.C. Int'l, Inc.*, 678 F. 2d 1365, 1367 (9th Cir. 1982) (attorneys' fees included in

6    considering jurisdictional amount).  Representation of Plaintiff through trial would almost certainly

7    exceed the $75,000 threshold.

8         54.    Thus, the preponderance of the evidence demonstrates an amount in

9    controversy in excess of $75,000.

10   **VII.   CONCLUSION**

11        55.    Ms. Roza has been fraudulently joined as a matter of law and thus her

12   citizenship must be disregarded for purposes of diversity.  Defendant Concentra, having shown that

13   diversity exists and that the amount in controversy exceeds the jurisdiction minimal, is entitled to

14   remove this matter to this Court.

15        56.    Pursuant to 28 U.S.C. § 1441(a), Defendant Concentra removes this case from

16   the Superior Court of the State of California in and for the County of Alameda to this Court.

17   Dated: April 2, 2008

18

19                                          ARTHUR M. EIDELHOCH
                                            LITTLER MENDELSON
20                                          A Professional Corporation
                                            Attorneys for Defendants
21                                          CONCENTRA HEALTH SERVICES, INC.
                                            and DIANA ROZA
22   Firmwide:84697192.1 048065.1031

23

24

25

26

27

28

ITTLER MENDELSON
*PROFESSIONAL CORPORATION*
650 California Street
20th Floor
Francisco, CA 94108 2693
415 433 1940

NOTICE TO FEDERAL COURT OF
REMOVAL                              13.                              CASE NO.

**EXHIBIT A**

*6415880*

1  LAWRENCE A. ORGAN (SBN 175503)
   ALLISON J. STONE (SBN 251390)
2  LAW OFFICES OF LAWRENCE A. ORGAN
   404 San Anselmo Avenue
3  San Anselmo, California 94960
   (415) 453-4740 Telephone
4  (415) 453-3740 Facsimile

5  Attorneys for Plaintiff
   TERESA HORTON

6

F I L E D
ALAMEDA COUNTY

MAR 0 5 2008

CLERK OF THE SUPERIOR COURT
By _____
                    Deputy

7          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              IN AND FOR THE COUNTY OF ALAMEDA

9  TERESA HORTON, an individual,        )   Case No.  RG08374996
                                        )
10          Plaintiff,                   )
                                        )
11      vs.                             )   UNLIMITED JURISDICTION
                                        )
12                                      )   COMPLAINT FOR DAMAGES:
   CONCENTRA HEALTH SERVICES, INC. a    )
13 corporation, DIANA ROZA, an individual, )  (1) RETALIATION - FEHA
   and DOES 1-50, inclusive            )   (2) FAILURE TO PREVENT SEXUAL
14                                      )       HARASSMENT AND
            Defendants.                 )       RETALIATION – FEHA
15                                      )   (3) WRONGFUL TERMINATION IN
                                        )       VIOLATION OF PUBLIC POLICY
16                                      )   (4) UNFAIR BUSINESS PRACTICES –
                                        )       CAL. BUS. PROF. CODE §17200
17                                      )   (5) INTENTIONAL INFLICTION OF
                                        )       EMOTIONAL DISTRESS
18                                      )
                                        )   JURY TRIAL DEMANDED
19 _____ )

20

21  Plaintiff alleges as follows:

22                      **INTRODUCTION**

23      1.      This is an action for damages due to (1) Retaliation - FEHA; (2) Failure to

24  Prevent Sexual Harassment and Retaliation - FEHA; (3) Wrongful Termination in Violation of

25  Public Policy; (4) Unfair Business Practices – Cal. Bus. Prof. Code §17200; (5) Intentional

26  Infliction of Emotional Distress.

27      2.      This action arises out of events involving Plaintiff TERESA HORTON and

28  Defendants CONCENTRA HEALTH SERVICES, INC., a corporation, DIANA ROZA, an

1  individual, and DOES 1-50. The unlawful conduct which gives rise to this lawsuit occurred
2  within the City of Oakland, California, in the County of Alameda, and therefore jurisdiction is
3  proper.

4                                    **THE PARTIES**

5        3.      Plaintiff TERESA HORTON (hereinafter "Plaintiff" or "HORTON") is informed
6  and believes and thereon alleges that she was employed as a Center Administrator at the
7  Concentra Medical Center in Oakland, CA. She began working with Defendants on September
8  3, 2002 and continued to work for Defendant CONCENTRA HEALTH SERVICES, INC., until
9  April 12, 2006. HORTON entered into employment and was subjected to the wrongful conduct
10  and retaliatory actions alleged herein in Oakland, California. Plaintiff exhausted her
11  administrative remedies by filing a timely complaint with the California Department of Fair
12  Employment and Housing ("DFEH") against each Defendant and has received a right-to-sue
13  letter.

14        4.      Plaintiff is informed and believes and thereon alleges that Defendant
15  CONCENTRA HEALTH SERVICES, INC., (hereinafter "CONCENTRA") was, at all times
16  relevant herein, a corporation duly organized and existing under the laws of the State of Texas
17  and licensed to do business in the state of California. CONCENTRA maintained a medical
18  facility in Alameda County at all times relevant herein.

19        5.      Plaintiff is informed and believes and thereon alleges that defendant DIANA
20  ROZA (hereinafter "ROZA") was at all times relevant herein an individual, and worked for
21  Defendant CONCENTRA as Area Administrator for the Fresno/Bay Area Markets. Ms. ROZA
22  was the direct supervisor of Ms. HORTON. Plaintiff is informed and believes that Ms. ROZA
23  was and is a resident of California.

24
25        6.      Plaintiff is ignorant of the true names and capacities of the Defendants sued
26  herein as DOES 1 through 50 therefore sues them by such fictitious names. Plaintiff is informed
27  and believes and thereon alleges that said defendants are in some manner legally responsible for
28  the activities and damages alleged herein. Plaintiff will amend this complaint to allege their true
names and capacities when ascertained.

1    7.    Plaintiff is informed and believes and thereon alleges that at all times herein

2    mentioned each of the defendants was acting as the partner, agent, servant, and employee of each

3    of the remaining defendants, and in doing the things alleged herein was acting within the course

4    and scope of such agency and with the knowledge of the remaining defendants.

5                           **GENERAL ALLEGATIONS**

6
7    8.    Plaintiff incorporates by reference the factual allegations of paragraphs 1 through

8    7 above.

9    9.    Plaintiff TERESA HORTON began working for Defendant CONCENTRA, as a

10   Center Administrator on September 3, 2002.

11   10.    Ms. HORTON was responsible for managing a health clinic in the Concentra

12   Medical Center in Oakland, CA.

13   11.    Beginning in approximately August 2005, Ms. HORTON was informed by

14   several members of her staff, on numerous occasions, of inappropriate sexual conduct by two

15   doctors, Dr. Steven Schumann and Dr. Hong Zhang, in the office work environment.

16
17   12.    On September 9, 2005, one of the aforementioned physicians, Dr. Steven

18   Schumann, came into Ms. HORTON'S office on two separate occasions and yelled at Ms.

19   HORTON about the placement of a treadmill and other specialty services in the clinic, as well as

20   Ms. HORTON'S failure to communicate with other clinic employees. One of these incidents

21   occurred in the presence of other employees.

22   13.    On September 14, 2005, Ms. HORTON discussed the above mentioned incidents

23   with her immediate supervisor, Defendant DIANA ROZA. Ms. ROZA assured Ms. HORTON

24   that she had Ms. ROZA'S full support in these matters.

25   14.    Later in September 2005, Jacqueline Strong, Ms. HORTON'S assistant

26   complained to Ms. HORTON, that Dr. Schumann interrupted a conversation with Ms. Strong to

27   meet Dr. Zhang in the hallway and kiss each other. The hallway used to be a concrete bank vault

28

Horton v. Concentra Health Services, Inc. et al.        3                        Complaint

1  and noises originating in it echo loudly throughout the entire clinic and can be heard by the entire

2  staff.

3      15.     The janitorial staff found an empty bottle of wine in Dr. Schumann's office and

4  left a note for Ms. HORTON saying that the doctors had a picnic in the office and drank wine.

5      16.     Several other employees complained to Ms. HORTON about Dr. Schumann and

6  Dr. Zhang's inappropriate and pervasive sexual conduct, including the fact that the employees

7  had seen the doctors kissing in the hallway, and that this conduct created a hostile work

8  environment. On September 23, 2005, Ms. HORTON complained, in good faith, to her

9  supervisor Ms. ROZA and to the Human Resources manager, Paul Ziembowicz about what Ms.

10  HORTON reasonably believed to be sexual harassment based on Dr. Schumann and Dr. Zhang's

11  inappropriate sexual conduct.

12

13      17.     In October 2005, Kim Hogan from Human Resources informed Ms. HORTON

14  that CONCENTRA had addressed the issues raised in her complaints. Kim Hogan stated that Dr.

15  Zhang no longer reported to Dr. Schumann and therefore there was no longer a problem with

16  their behavior.

17      18.     Shortly thereafter, Ms. ROZA notified Ms. HORTON, that CONCENTRA was

18  moving forward with disciplinary action against Ms. HORTON regarding issues raised by Dr.

19  Schumann.

20      19.     After the communication above, Ms. ROZA ceased returning Ms. HORTON'S

21  telephone calls and would not respond to Ms. HORTON'S emails.

22      20.     In November of 2005, Ms. HORTON received a written warning concerning the

23  issues raised by Dr. Schumann as well as some past performance issues. The past performance

24  issues had already been addressed and resolved by Ms. HORTON'S former supervisors Area

25  Administrator Joan Anderson and Director of Operations Linda McCaskill. In fact, Ms.

26  McCaskill had apologized, on behalf of herself and CONCENTRA, for raising the issues and

27  assured her that no future incidents would evolve from them. Ms. McCaskill also informed Ms.

28

1    HORTON that nothing about the issues would be mentioned in Ms. HORTON'S employment
2    file.

3        21.    Ms. ROZA began soliciting negative comments and reports about Ms. HORTON
4    from members of Ms. HORTON'S staff.

5        22.    Ms. ROZA undermined Ms. HORTON by assigning tasks to Ms. HORTON'S
6    assistant, Jacqueline Strong, which should have been performed either by Ms. HORTON, or at
7    her direction. Furthermore, Ms. ROZA would often pull members of HORTON'S staff off the
8    floor at busy times and expect HORTON to cover for them on the floor.
9

10        23.    In November of 2005, Ms. HORTON received an invitation to attend the Annual
11    Center Administrator conference in Dallas, TX. Later, she was told, by Ms. ROZA, not to attend
12    and that Ms. HORTON'S assistant Jacqueline would go in her place.

13        24.    Despite the fact that HORTON had been informed by CONCENTRA'S human
14    resources department that the inappropriate sexual behavior of the doctors had been "addressed,"
15    the two doctors continued their sexually explicit and offensive behavior at the company holiday
16    party. Another CONCENTRA employee, Rowena Gamboa attended the party and witnessed the
17    two doctors dancing very closely, in a sexually suggestive manner. She stated that they were all
18    over each other, and that it made her feel very uncomfortable. Other employees in attendance
19    commented that the dancing was inappropriate and also made them uncomfortable and they
20    informed Ms. HORTON of these events.

21        25.    In December of 2005, Ms. HORTON received a phone call from Kim Hogan in
22    Human Resources and Ms. Hogan's supervisor, Dani Kendal. During this call, Ms. Kendal made
23    a thinly veiled threat to Ms. HORTON, telling her that HR would help her "transition" and that
24    "she should read the writing on the wall." When Ms. HORTON asked what Ms. Kendal meant
25    by "transition," Ms. Kendal responded that she meant Ms. HORTON should find other
26    employment. This occurred despite the fact that Ms. HORTON'S center was performing very
27    well. Ms. HORTON'S center was performing well above the benchmarks established by
28    CONCENTRA. These benchmarks included standards for financial growth and production, wait

1  times, meeting budgets, number of complaints and customer service. Ms. HORTON also

2  received multiple "thank you" notes or other recognitions of good performance from patients,

3  clients, upper management, and staff.

4     26.    In January of 2006, Ms. ROZA held a meeting for all of the Center

5  Administrators (hereinafter "CAs") in the Bay Area/Fresno market, where they were told that all

6  of the centers, including the one under Ms. HORTON's management, had performed well

7  financially.  As a result, all of the CAs were supposed to receive bonuses to be paid in mid

8  March. Ms. HORTON, however, never received her bonus.

9     27.    Following that meeting, Ms. ROZA told all of the CAs, and Ms. HORTON'S

10  assistant Jacqueline, that they could go home for the day. Ms. HORTON however, was told to

11  return to the Center in order to participate in a conference call with Ms. ROZA and Kim Hogan

12  from HR. Ms. HORTON was informed that her previous write-up was now a final notice.

13

14     28.    In March of 2006, Ms. ROZA instructed the Health Services Manager to solicit,

15  from Ms. HORTON'S staff, a list of things that Ms. HORTON would not, or had not, done for

16  them.

17     29.    Additionally, Ms. ROZA scheduled a meeting of the area leadership team, at a

18  time Ms. HORTON was scheduled for "personal time off". Once Ms. ROZA realized that Ms.

19  HORTON was not available, she sent out an email in which she stated that the meeting would

20  have to be cancelled because Ms. HORTON was taking time off.

21     30.    Ms. ROZA rescheduled the meeting for April 4, 2006 and began the meeting by

22  saying, "Since Teresa is in the center today, we can finally have this meeting because there are

23  things we need to work on to make this center even better than last year and we are not blaming

24  anyone or pointing fingers here we just want a plan to shine." Ms. HORTON believes that this

25  comment was intended to place the blame for the delayed meeting on Ms. HORTON and to

26  make it appear as though she does not spend enough time in the center. Ms. Roza then stated that

27  the point of the meeting was not to "point fingers" or "blame anyone". However, once the

28  meeting got underway, Ms. ROZA and others in attendance began criticizing Ms. HORTON and

1  telling her what she needed to correct what they thought was wrong despite the fact that many of
2  the issues were with area's beyond Ms. HORTON'S control.

3      31.    On April 12, 2006, CONCENTRA terminated Ms. HORTON'S employment,
4  took her employee badge and keys and escorted her from the building. The reasons
5  CONCENTRA gave for Ms. HORTON'S termination were patently false.

6
7      32.    Ms. HORTON is informed and believes that CONCENTRA has engaged in a
   pattern and practice of retaliating against and terminating employees who complain about
8  workplace conduct.
9
10     33.    There are other employees of CONCENTRA who have been terminated as a
11  result of complaining about workplace conduct or about violations of CONCENTRA'S  policies
12  and/or procedures.

13
14                        **FIRST CAUSE OF ACTION**
15              **Retaliation – FEHA - Cal. Govt. Code § 12940 et seq.**
          **Against Defendant CONCENTRA HEALTH SERVICES, INC., and DOES 1-50**
16
17     34.    Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1
18            through 33 herein.

19  . 35.    Under California Government Code §12940 et seq., defendants are prohibited
20            from retaliation against Plaintiff for opposing any practices forbidden or made
21            unlawful under California Government Code §12940 et seq.

22     36.    Defendants retaliated against Plaintiff when she complained, in good faith, of the
23            unlawful sexual harassment occurring in Defendants' workplace.

24     37.    Plaintiff is informed and believes and thereon alleges that Defendants could have
25            remedied sexual harassment in their work place, but chose to harass her further by
26            undermining her authority, initiating disciplinary action, failing to investigate
27            adequately, taking no action to stop the sexual harassment, failing to give Plaintiff a
28

1  bonus and ultimately terminating Plaintiff's employment.  Plaintiff was engaged in

2  protected activity for which defendants retaliated.

3  38.  The close proximity in time between when Plaintiff complained of sexual

4  harassment and was disciplined and ultimately terminated creates an inference of

5  retaliation.

6

7  39.  At all relevant times, Defendants had actual and constructive knowledge of the

8  retaliatory conduct described and alleged herein, and condoned, ratified and

9  participated in the retaliation.  As a result of the retaliatory behavior perpetrated and

10  executed by Defendants, and Defendants' failure to protect Plaintiff from retaliatory

11  behavior, Plaintiff has suffered emotional distress, humiliation and embarrassment.

12  As a further proximate result of such conduct, Plaintiff has suffered loss of income,

13  loss of advance and promotions, loss of career opportunity and loss of tangible job

14  benefits, all in amounts to be proven at trial.

15  40.  The conduct of Defendants and/or their agents/employees as described herein was

16  malicious, and/or oppressive, and done with a willful and conscious disregard for

17  Plaintiff's rights and for the deleterious consequences of Defendants' actions.

18  Defendants and/or their agents/employees or supervisors authorized, condoned and

19  ratified the unlawful conduct of the remaining Defendants by continuing to employ

20  unfit employees.  Consequently, Plaintiff is entitled to punitive damages against

21  Defendants.

22  41.  By reason of the conduct of Defendants and each of them as alleged herein,

23  Plaintiff has necessarily retained attorneys to prosecute the within action.  Plaintiff

24  therefore is entitled to reasonable attorney's fees and litigation expenses, including

25  expert witness fees and costs, incurred in bringing the within action.

26  **SECOND CAUSE OF ACTION**
**Failure To Prevent Retaliation – FEHA –**
27  **Cal. Govt. Code § 12940 et seq.**
28  **Against Defendant CONCENTRA HEALTH SERVICES, INC., and DOES 1-50**

1

2      42.    Plaintiff incorporates by reference the factual allegations of paragraphs 1 through

3             41 above.

4      43.    In violation of California Government Code § 12940 et seq., Defendants, and

5             each of them, failed to take all reasonable steps necessary to prevent sexual

6             harassment and retaliation against employees for opposing forbidden practices.

7      44.    In perpetrating the above-described conduct, Defendants, and each of them,

8             engaged in a pattern, policy and practice of sexual harassment. Said conduct on the

9             part of Defendants, and each of them, constituted a policy, practice, tradition, custom

10            and usage which denied Plaintiff protection of California Government Code § 12940

11            et seq.

12

13     45.    At all relevant time periods, Defendants, and each of them, failed to make an

14            adequate response and investigation into the conduct of Defendants and the aforesaid

15            pattern and practice, and thereby established a policy, custom, practice or usage

16            within the organization of Defendants, which condoned, encouraged, tolerated,

17            sanctioned, ratified, approved of, and/or acquiesced in sexual harassment towards

18            Plaintiff.

19     46.    At all relevant time periods there existed within the organization of Defendants,

20            and each of them, a pattern and practice of conduct by their personnel which resulted

21            in sexual harassment, and/or retaliation, including but not necessarily limited to,

22            conduct directed at Plaintiff or made in Plaintiff's presence.

23     47.    At all relevant time periods there existed within the organization of Defendants,

24            and each of them, a pattern and practice of conduct by personnel which resulted in

25            retaliation toward anyone, including but not limited to Plaintiff, who complained of

26            conduct that did not conform to Defendant's policies and procedures.

27

28

48.    Defendants did not have an adequate sexual harassment policy and did not provide adequate sexual harassment training with respect to its employees and managers.

49.    Defendants, and each of them, knew or reasonably should have known that the failure to provide adequate education, training, and information as to their personnel policies and practices regarding sexual harassment, and retaliation for complaining or resisting sexual harassment, would result in sexual harassment and retaliation against employees including but not limited to Plaintiff, for complaining or resisting the same.

50.    The failure of Defendants, and each of them, to provide any or adequate education, training, and information to personnel concerning policies and practices regarding sexual harassment, and retaliation for complaining of or resisting the same, constituted deliberate indifference to the rights of employees, including but not limited to those of Plaintiff, under California Government Code § 12940 et seq.

51.    By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff therefore is entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of Defendants and each of their actions, Plaintiff sustained economic damages to be proven at trial. As a further result of Defendants' and each of their actions, Plaintiff suffered emotional distress; resulting in damages to be proven at trial.

52.    The conduct of Defendants and/or their agents/employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendants and/or their agents/employees or supervisors authorized, condoned and ratified the unlawful conduct of the remaining Defendants. Consequently, Plaintiff is entitled to punitive damages against Defendants.

1

**THIRD CAUSE OF ACTION**
Wrongful Termination In Violation Of Public Policy
Against Defendant CONCENTRA HEALTH SERVICES, INC. and DOES 1-50

2

3

4

53.    Plaintiff hereby incorporates by reference the factual allegations set forth in

paragraphs 1 through 52 herein.

5

6

54.    Plaintiff complained in good faith about what she perceived to be sexual

harassment in the workplace.  Plaintiff reported the sex harassment but Defendant

7

8

failed to take proper action to protect plaintiff and retaliated against her after she

complained.  Defendant also failed to adequately prevent harassment and retaliation

9

10

against Plaintiff. Furthermore, Defendant acted in an unfair manner towards Plaintiff.

11

55.    Such conduct violates the Public Policy of the State of California as put forward

12

in the Fair Employment Housing Act, the California Constitution, and other statutes

13

and provisions.

14

56.    As a result of said conduct, plaintiff has suffered general and exemplary damages.

15

16

57.    The conduct of Defendants and/or their agents/employees as described herein was

malicious, and/or oppressive, and done with a willful and conscious disregard for

17

18

Plaintiff's rights and for the deleterious consequences of Defendants' actions.

Defendants and/or their agents/employees or supervisors authorized, condoned and

19

20

ratified the unlawful conduct of the remaining Defendants by continuing to employ

unfit employees.  Consequently, Plaintiff is entitled to punitive damages against

21

22

Defendants.

23

**FOURTH CAUSE OF ACTION**

24

**Unlawful Business Practices – Cal. Bus. Prof. Code §17200 Against Defendant
CONCENTRA HEALTH SERVICES, INC. and DOES 1-50.**

25

58.    Plaintiff hereby incorporates by reference the factual allegations set forth in

26

paragraphs 1 through 57 herein.

27

28

Horton v. Concentra Health Services, Inc. et al.              11                              Complaint

59.     Beginning at an exact date unknown to plaintiff but at least since 2005, Defendant

CONCENTRA HEALTH SERVICES, INC. has committed acts of unfair business

practices, as defined by Business and Professions Code §17200, by engaging in the

practices alleged above.

60.     The acts and practices described above constitute violations of the aforesaid laws

and statutes, therefore such practices are unlawful business practices within the

meaning of Business and Professions Code §17200.

61.     As a direct and proximate result of the aforementioned acts, defendant

CONCENTRA HEALTH SERVICES, INC. received and continues to hold money

belonging to Plaintiff.

62.     Plaintiff is entitled to attorney fees and costs pursuant to the common fund

equitable doctrine, Code of Civil Procedure Section1021.5 and the substantial

benefits doctrine.

## FIFTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress Against Defendant CONCENTRA
HEALTH SERVICES, INC., Defendant DIANA ROZA, and DOES 1-50.**

63.     Plaintiff hereby incorporates by reference the factual allegations set forth in

paragraphs 1 through 62 herein.

64.     Defendants CONCENTRA HEALTH SERVICES, INC. and DIANA ROZA

engaged in outrageous conduct when they used their position of power over Plaintiff

to retaliate against her for complaining, in good faith, about what she reasonably

believed to be sexual harassment, withhold monies rightfully owed her, create

problems for her in the workplace, solicit negative comments about her from her co-

workers, write her up for issues that she was told were not going to be brought up

again, undermine her authority in the workplace, blame her for problems that were

not her fault, and terminate her employment for false reasons.

65.     As a single parent, such concern about her financial situation and loss of
employment caused Plaintiff severe emotional distress. Defendants were aware that
Plaintiff was a single parent.

66.     The above mentioned conduct of Defendants CONCENTRA HEALTH
SERVICES, INC. and DIANA ROZA was directed at Plaintiff.

67.     Defendants CONCENTRA HEALTH SERVICES, INC. and DIANA ROZA
intentionally engaged in the above conduct with the realization that it would cause
severe emotional distress to plaintiff. Defendant DIANA ROZA acted in the course of
the scope of her duties as a manager for Defendant CONCENTRA.

68.     As a direct and proximate result of the intentional, malicious, harmful, unlawful
and offensive acts of Defendants, as aforesaid, Plaintiff sustained severe emotional
distress to her damage to be shown according to proof.

69.     Plaintiff requests compensatory damages pursuant to California Civil Code
Section 3333.

70.     The conduct of Defendants and/or their agents/employees as described herein was
malicious, and/or oppressive, and done with a willful and conscious disregard for
Plaintiff's rights and for the deleterious consequences of Defendants' actions.
Defendants and/or their agents/employees or supervisors authorized, condoned and
ratified the unlawful conduct of the remaining Defendants by continuing to employ
unfit employees.  Consequently, Plaintiff is entitled to punitive damages against
Defendants.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief as follows:

1.     For general damages according to proof, however, no less than the jurisdictional
limit of this court;

1       2.     For special damages in amounts according to proof;

2

3       3.     For punitive damages in amounts according to proof;

4       4.     For attorneys' fees as provided by law;

5

6       5.     For restitution damages in amounts according to proof;

7       6.     For prejudgment, post-judgment and other interest as provided by law;

8

9       7.     For cost of suit incurred herein; and

10      8.     For such other and further relief as the Court deems fair and just.

11   Dated: March 5, 2008                    THE LAW OFFICES OF

12                                           LAWRENCE A. ORGAN

13

14

15                                           LAWRENCE A. ORGAN
                                             Attorney for Plaintiff
16                                           TERESA HORTON

17

18

19

20

21

22

23

24

25

26

27

28

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*
Lawrence A. Organ                                    175503
Law Offices of Lawrence A. Organ
404 San Anselmo Avenue
San Anselmo, CA 94960
TELEPHONE NO.: (415) 453-4740    FAX NO.: (415) 453-2829
ATTORNEY FOR *(Name):* Teresa Horton

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME: Horton v. Concentra .

**FILED
ALAMEDA COUNTY
MAR 0 5 2008
CLERK OF THE SUPERIOR COURT
By_____ Deputy**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RG08374996 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
         issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is [X] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 5, 2008

Lawrence A. Organ
_____
(TYPE OR PRINT NAME)                              ►          _____
                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]    CIVIL CASE COVER SHEET    Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Teresa Horton

| Short Title: | | Case Number: |
|---|---|---|
| Horton v. Concentra | | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)    ☐ Hayward Hall of Justice (447)
   ☐ Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | |
|---|---|---|---|
| Auto Tort | Auto tort (22) | ☐ 34 | Auto tort (G) |
| | | Is this an uninsured motorist case? ☐ yes ☐ no | |
| Other PI/PD/ WD Tort | Asbestos (04) | ☐ 75 | Asbestos (D) |
| | Product liability (24) | ☐ 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | ☐ 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | ☐ 33 | Other PI/PD/WD tort (G) |
| Non - PI/PD/ WD Tort | Bus tort / unfair bus. practice (07) | ☐ 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | ☐ 80 | Civil rights (G) |
| | Defamation (13) | ☐ 84 | Defamation (G) |
| | Fraud (16) | ☐ 24 | Fraud (G) |
| | Intellectual property (19) | ☐ 87 | Intellectual property (G) |
| | Professional negligence (25) | ☐ 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | ☐ 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [X] 38 | Wrongful termination (G) |
| | Other employment (15) | ☐ 85 | Other employment (G) |
| | | ☐ 53 | Labor comm award confirmation |
| | | ☐ 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | ☐ 04 | Breach contract / Wrnty (G) |
| | Collections (09) | ☐ 81 | Collections (G) |
| | Insurance coverage (18) | ☐ 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | ☐ 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | ☐ 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | ☐ 17 | Wrongful eviction (G) |
| | Other real property (26) | ☐ 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | ☐ 94 | Unlawful Detainer - commercial   Is the deft. in possession |
| | Residential (32) | ☐ 47 | Unlawful Detainer - residential   of the property? |
| | Drugs (38) | ☐ 21 | Unlawful detainer - drugs   ☐ Yes ☐ No |
| Judicial Review | Asset forfeiture (05) | ☐ 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | ☐ 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | ☐ 49 | Writ of mandate |
| | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) ☐ Yes ☐ No | |
| | Other judicial review (39) | ☐ 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | ☐ 77 | Antitrust / Trade regulation |
| | Construction defect (10) | ☐ 82 | Construction defect |
| | Claims involving mass tort (40) | ☐ 78 | Claims involving mass tort |
| | Securities litigation (28) | ☐ 91 | Securities litigation |
| | Toxic tort / Environmental (30) | ☐ 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | ☐ 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | ☐ 19 | Enforcement of judgment |
| | | ☐ 08 | Confession of judgment |
| Misc Complaint | RICO (27) | ☐ 90 | RICO (G) |
| | Partnership / Corp. governance (21) | ☐ 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | ☐ 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | ☐ 06 | Change of name |
| | | ☐ 69 | Other petition |

AC-019 (5/1/00)
Martin Dean's Essential Forms ™

**CIVIL CASE COVER SHEET ADDENDUM**

Teresa Horton

# SUMMONS
## (CITACION JUDICIAL)



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)*:
Concentra Health Services, Inc.,
Diana Roza, and Does 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)*:
Teresa Horton

**F I L E D**
ALAMEDA COUNTY
MAR 0 5 2008
CLERK OF THE SUPERIOR COURT
By_____
Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* RG08374996 |
|---|---|

Alameda County Superior Court
1225 Fallon Street          Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Lawrence A. Organ                    Law Offices of Lawrence A. Organ
404 San Anselmo Avenue               San Anselmo, CA 94960
(415) 453-4740

DATE: MAR 0 5 2008    PAT S. SWEETEN    Clerk, by _____, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Teresa Horton

**EXHIBIT B**

LAW OFFICES OF LARRY ORGAN
Attn: Organ, Lawrence A
404 San Anselmo Avenue
San Anselmo, CA   94960

## Superior Court of California, County of Alameda

| | |
|---|---|
| Horton<br><br>**Plaintiff/Petitioner(s)**<br><br>VS.<br><br>Concentra Health Services<br>**Defendant/Respondent(s)**<br>(Abbreviated Title) | No. <u>RG08374996</u><br><br>**NOTICE OF CASE MANAGEMENT<br>CONFERENCE AND ORDER**<br>Unlimited Jurisdiction |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
  Notice is given that a Case Management Conference has been scheduled as follows:

| Date:  08/12/2008<br>Time:   03:00 PM | Department: 17<br>  Location: **Administration Building<br>  Third Floor<br>  1221 Oak Street, Oakland  CA  94612**<br><br>  Internet: **http://www.alameda.courts.ca.gov** | Judge:  **Steven A. Brick**<br>Clerk:  **Lynette Rushing**<br>Clerk telephone:  **(510) 267-6933**<br>E-mail:<br>**Dept.17@alameda.courts.ca.gov**<br>Fax:  **(510) 267-1505** |
|---|---|---|

### ORDERS

1. You must:
   a.  **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b.  **Give notice** of this conference to any party not included in this notice and file proof of service;
   c.  **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d.  **File and serve** a completed Case Management Conference Statement (use of Judicial Council form CM 110 is <u>mandatory</u>) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a.  Referring to ADR and setting an ADR completion date
   b.  Dismissing or severing claims or parties
   c.  Setting a trial date.

  *Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/10/2008.

By _____
                digital

_____
Deputy Clerk

**EXHIBIT C**

## *Superior Court of California, County of Alameda*



## *Notice of Judicial Assignment for All Purposes*

Case Number: RG08374996
Case Title:    Horton VS Concentra Health Services
Date of Filing: 03/05/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

| | |
|---|---|
| **Judge:** | **Steven A. Brick** |
| **Department:** | **17** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6933** |
| **Fax Number:** | **(510) 267-1505** |
| **Email Address:** | **Dept.17@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law.  (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

<u>General Procedures</u>

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO<br>
JUDGE Steven A. Brick<br>
DEPARTMENT 17

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

(1) Unrepresented litigants must also comply with pertinent rules, cited above. The Court maintains a Self-Help Center at the Wiley W. Manuel Courthouse, 2nd Floor, 661 Washington St., Oakland. Telephone. (510) 690-2501. (2) Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association www.acbanet.org (click on link at the bottom of the home page). (3) Appearances by attorneys who are not counsel of record are not permitted except for good cause. (4) Except when requested in a particular case, chambers copies of filings are not necessary.

## Schedule for Department 17

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Contacts with Dept. 17 should be by email with copies to all counsel after conferring about proposed dates.

- Trials generally are held: Unless otherwise advised, Mondays through Fridays, 8:30 a.m. to 1:30 p.m. with two morning breaks. A pretrial conference may be scheduled 2 to 3 weeks before trial at 2:00 p.m. on a Friday.

- Case Management Conferences are held: Mondays through Thursdays at 3:00 p.m. Timely filed and complete case management conference statements may obviate the need for in person conferences. Check the Register of Actions on Domain 3 days in advance.

- Law and Motion matters are heard: Wednesdays and Thursdays at 3:00 p.m. (maximum 5 each). Email Dept. 17 to obtain a reservation. Limited hearings are available for summary judgments, preliminary injunctions and other time intensive motions.

- Settlement Conferences are heard: Unless otherwise advised, Mondays and Tuesdays at 3:00 p.m.

- Ex Parte matters are heard: Wednesdays and Thursdays at 3:00 p.m. Email Dept. 17 to obtain a reservation on these calendars or to specially set a time sensitive emergency matter.

- (1) Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC §3.724). (2) Potential discovery and other problems should be anticipated and discussed. (3) No discovery motion shall be filed without prior serious efforts to resolve it. If unsuccessful, Moving party may then email the Court attaching a letter (max 3 pages) outlining the dispute. Opposing party may email a brief response within 24 hours. The Court will advise the parties how the issue will be resolved.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
     Email:          Dept.17@lameda.courts.ca.gov


- Ex Parte Matters
     Email:          Dept.17@lameda.courts.ca.gov


**Tentative Rulings**

The court will issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 17
- Phone:  1-866-223-2244


Dated:  03/07/2008                              Executive Officer / Clerk of the Superior Court

                                        By      _____
                                                             digital
                                                        _____
                                                                    Deputy Clerk


---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

          Executed on 03/10/2008

                          By      _____
                                               digital
                                          _____

Deputy Clerk

**EXHIBIT D**



*6480633*

1   LAWRENCE A. ORGAN (SBN 175503)
    ALLISON J. STONE (SBN 251380)
2   LAW OFFICES OF LAWRENCE A. ORGAN
    404 San Anselmo Avenue
3   San Anselmo, California 94960
    (415) 453-4740 Telephone
4   (415) 453-2829 Facsimile

5

    Attorneys for Plaintiff
6   TERESA HORTON

F I L E D
ALAMEDA COUNTY

MAR 1 9 2008

CLERK OF THE SUPERIOR COURT
By _Jasha Perrish_
                        Deputy

7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

10            IN AND FOR THE COUNTY OF ALAMEDA

11  TERESA HORTON, an individual,          )   Case No. RG 08374996
                                           )
12            Plaintiff,                    )   UNLIMITED JURISDICTION
                                           )
13      vs.                                )   **PEREMPTORY CHALLENGE TO**
                                           )   **JUDGE STEVEN A. BRICK AND**
14                                         )   **AFFIDAVIT SUPPORTING**
    CONCENTRA HEALTH SERVICES, INC.,       )   **PEREMPTORY CHALLENGE**
15  DIANA ROZA, an individual, and DOES 1- )   **PURSUANT TO C.C.P. §170.6**
    50, inclusive,                         )
16                                         )
                                           )
17            Defendants.                   )   **JURY TRIAL DEMANDED**
                                           )
18                                         )   **BY FAX**
                                           )
19                                         )   DATE FILED: March 19, 2008
                                           )   DEPT: 17
20                                         )

21

22

23

24

25

26

27  TO THIS HONORABLE COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD,

28  HEREIN:

PEREMPTORY CHALLENGE                 1              CASE NO. RG 08374996

1    Plaintiff Teresa Horton hereby moves this Court pursuant to C.C.P. §170.6 to challenge

2    the Hon. Steven A. Brick in all matters related to the above referenced case.  Pursuant to C.C.P.

3    §170.6, no notice of this motion is required.  Plaintiff seeks an immediate order disqualifying or

4    removing Judge Steven A. Brick in this matter and assigning the case to another judge.

5

6    DATED: March 19, 2008              THE LAW OFFICES OF LAWRENCE A. ORGAN

7

8

9                                      By:

10                                          LAWRENCE A. ORGAN
                                           Attorneys for Plaintiff
11                                          TERESA HORTON

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



*6480625*

1  LAWRENCE A. ORGAN (SBN 175503)
   LAW OFFICES OF LAWRENCE A. ORGAN
2  404 San Anselmo Avenue
   San Anselmo, California 94960
3  (415) 302-2901 Telephone
   (415) 453-2829 Facsimile
4

5  Attorneys for Plaintiff
   TERESA HORTON
6

7
                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
8

9                    IN AND FOR THE COUNTY OF ALAMEDA

10

11  TERESA HORTON, an individual,          )   Case No. RG 08374996
                                           )
12                    Plaintiff,           )   UNLIMITED JURISDICTION
                                           )
13         vs.                             )   **[Proposed] ORDER GRANTING**
                                           )   **MOTION FOR PEREMPTORY**
14  CONCENTRA HEALTH SERVICES, INC.,       )   **CHALLENGE TO JUDGE**
    DIANA ROZA, an individual, and DOES 1- )
15  50, inclusive.                         )   **JURY TRIAL DEMANDED**
                                           )
16                                         )   **BY FAX**
                    Defendants.            )
17                                         )   DATE FILED: March 19, 2008
                                           )   DEPT: 17
18  ─────────────────────────────────

19

20         Plaintiff Teresa Horton, by and through her counsel, filed a peremptory challenge and

21  supporting affidavit under C.C.P. §170.6 against the Hon. Steven A. Brick. Pursuant to C.C.P.

22  §170.6, Judge Steven A. Brick is removed from this case and the case is sent back to the

23  Presiding Judge for reassignment.

24         IT IS SO ORDERED.

25


Dated: _____        _____
                                       The Hon. Steven A. Brick
                                       JUDGE OF THE SUPERIOR COURT

RECEIVED
MAR 1 9 2008
By_____
ALAMEDA COUNTY SUPERIOR COURT


*6480629*

1   LAWRENCE A. ORGAN (SBN 175503)
    ALLISON J. STONE (SBN 251380)
2   LAW OFFICES OF LAWRENCE A. ORGAN
    404 San Anselmo Avenue
3   San Anselmo, California 94960
    (415) 302-2901 Telephone
4   (415) 453-2829 Facsimile

5
    Attorneys for Plaintiff
6   TERESA HORTON

7

8

9

                        **FILED**
                    ALAMEDA COUNTY

                    MAR 1 9 2008

              CLERK OF THE SUPERIOR COURT
              By _Jasha Perry_
                                    Deputy

10                  IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11

12                      IN AND FOR THE COUNTY OF ALAMEDA

13

14   TERESA HORTON, an individual,          )  Case No. RG 08374996
                                            )
15                  Plaintiff,              )  UNLIMITED JURISDICTION
                                            )
16          vs.                             )  **DECLARATION OF LAWRENCE A.**
                                            )  **ORGAN IN SUPPORT PLAINTIFF'S**
17                                          )  **PEREMPTORY CHALLENGE TO**
     CONCENTRA HEALTH SERVICES, INC.,       )  **JUDGE STEVEN A. BRICK PURSUANT**
18   DIANA ROZA, an individual, and DOES 1-50, )  **TO C.C.P. §170.6**
                                            )
19                  Defendants.             )          **BY FAX**
                                            )
20   _____  )
                                            )
21                                          )
                                            )
22                                          )  DATE FILED: March 19, 2008
                                            )  DEPT: 17
23                                          )

24

25   I, Lawrence A. Organ, do hereby declare as follows:

26          1.      I am the principal attorney of the Law Offices of Lawrence A. Organ, 404 San

27   Anselmo Avenue, San Anselmo, CA 94960 and represent the plaintiff in this matter.  I am duly

28   licensed by the State of California to appear before all of its courts.  I have personal knowledge

DECLARATION                              1                   CASE NO. RG 08374996

1  of the matters set forth herein and if called to do so, I could and would competently testify in the

2  foregoing matters.

3
4          2.      Judge Steven A. Brick, before whom a hearing in the above referenced case is

5  pending and before whom the Court has made an assignment for all purposes, is prejudiced

6  against Plaintiff or the interests of Plaintiff, or against the attorney for Plaintiff or the attorney's

7  interest, so that the affiant believes Plaintiff cannot have a fair and impartial trial or hearing

8  before Judge Brick.

9
          I declare under penalty of perjury that the foregoing is true and that this declaration was

10
11  executed on this 19th day of March 2008 in San Anselmo, California.

12
13
14                                                          Lawrence A. Organ

15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION                          2                    CASE NO. RG 08374996

**EXHIBIT E**

AEB

*5949342*

1 | LAWRENCE A. ORGAN (SBN 175503)
LAW OFFICES OF LAWRENCE A. ORGAN
2 | 404 San Anselmo Avenue
San Anselmo, California 94960
3 | (415) 302-2901 Telephone
(415) 453-2829 Facsimile
4

5 | Attorneys for Plaintiff
TERESA HORTON
6

**FILED**
ALAMEDA COUNTY

MAR 2 0 2008

CLERK OF THE SUPERIOR COURT
By _____
Deputy

7

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

9 | IN AND FOR THE COUNTY OF ALAMEDA

10

TERESA HORTON, an individual,                )   Case No. RG 08374996
11 |                                            )
               Plaintiff,                       )   UNLIMITED JURISDICTION
12 |                                            )
        vs.                                     )   [Proposed] ORDER GRANTING
13 |                                            )   MOTION FOR PEREMPTORY
                                                )   CHALLENGE TO JUDGE
14 | CONCENTRA HEALTH SERVICES, INC.,           )
DIANA ROZA, an individual, and DOES 1-         )   JURY TRIAL DEMANDED
15 | 50, inclusive.                             )
                                                )   **BY FAX**
16 |                                            )
               Defendants.                      )   DATE FILED: March 19, 2008
17 |                                            )   DEPT: 17
18

19

20 |        Plaintiff Teresa Horton, by and through her counsel, filed a peremptory challenge and

21 | supporting affidavit under C.C.P. §170.6 against the Hon. Steven A. Brick.  Pursuant to C.C.P.

22 | §170.6, Judge Steven A. Brick is removed from this case and the case is sent back to the

23 | Presiding Judge for reassignment.

24 |        IT IS SO ORDERED.

25

26

27 | Dated: _3/20/08_          _____

28 |                            The Hon. Steven A. Brick
                                JUDGE OF THE SUPERIOR COURT

PEREMPTORY CHALLENGE                    3                    CASE NO. RG 08374996

RECEIVED
MAR 19 2008
By Tasha Perry
Alameda County Superior Court

**EXHIBIT F**

## *Superior Court of California, County of Alameda*



## *Notice of Judicial Reassignment for All Purposes*

Case Number: RG08374996
Case Title:    Horton VS Concentra Health Services
Date of Filing: 03/05/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby reassigned for all purposes to:

| | |
|---|---|
| **Judge:** | **Ronni MacLaren** |
| **Department:** | **301** |
| **Address:** | **George E. McDonald Hall of Justice** |
| | **2233 Shoreline Drive** |
| | **Alameda  CA  94501** |
| **Phone Number:** | **(510) 263-4301** |
| **Fax Number:** | **(510) 267-5713** |
| **Email Address:** | **Dept.301@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law.  (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Ronni MacLaren
DEPARTMENT 301

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

Self-represented litigants must also compy with the rules cited above. All references to "counsel" in this Order apply equally to self-represented litigants. The Court maintains a Self-Help Center at the Wiley W. Manuel Courthouse, 2nd Floor, 661 Washington St., Oakland.

Please submit a courtesy copy of all filed documents directly to Dept. 301.

## Schedule for Department 301

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Mondays and Wednesdays 9:30 a.m. to 4:30 p.m.; Tuesdays and Thursdays at 10:30 a.m. to 4:30 p.m. Trial readiness: Fridays at 9:00 a.m. A pretrial conference may be set two to three weeks before the trial.

- Case Management Conferences are held: Mondays through Thursdays at 9:00 a.m. Timely filed and complete case management statements may eliminate the need for an in-person conference by allowing the Court to issue a Tentative Case Management Order.

- Law and Motion matters are heard: Tuesdays and Fridays at 9:00 a.m.

- Settlement Conferences are heard: Fridays at 1:30 p.m. and such other times as may be available.

- Ex Parte matters are heard: Tuesdays and Fridays at 9:00 a.m. Counsel must compy with Local Rule 4.14

- (1) Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC §3.724). (2) Potential discovery and other problems should be anticipated and discussed. (3) No discovery motion shall be filed without prior serious efforts to resolve it. If those efforts are unsuccessful, moving party may then email the Court attaching a letter (maximun of 3 pages) outlining the dispute. Opposing party may email a brief response within 24 hours. The Court will advise the parties how the issue will be resolved or whether further proceedings are necessary.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        Dept.301@alameda.courts.ca.gov

Phone:        (510) 263-4301

The Court prefers that reservations for the Law and Motion calendar be made by email. Limited hearings are available for summary judgments, preliminary injunction and other time intensive motions.

- Ex Parte Matters
  Email:        Dept.301@alameda.courts.ca.gov
  Phone:        (510) 263-4301

The Court prefers that reservations for the Ex Parte calendar be made by email.

## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 301
- Phone:  1-866-223-2244

Dated:  03/21/2008                    Executive Officer / Clerk of the Superior Court

                              By   *Esthet Taylor* digital
                                   _____
                                              Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING
I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as attached hereto and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/21/2008

                              By   *Esthet Taylor* digital
                                   _____
                                              Deputy Clerk

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Horton VS Concentra Health Services | RG08374996 |

ADDITIONAL ADDRESSEES

LAW OFFICES OF LARRY ORGAN
Attn: Organ, Lawrence A
404 San Anselmo Avenue
San Anselmo, CA   94960

**EXHIBIT G**

LAW OFFICES OF LARRY ORGAN
Attn:  Organ, Lawrence A
404 San Anselmo Avenue
San Anselmo, CA  94960

## Superior Court of California, County of Alameda

| | |
|---|---|
| Horton<br><br>      **Plaintiff/Petitioner(s)**<br>     **VS.**<br><br>Concentra Health Services<br><br><br>     **Defendant/Respondent(s)**<br>    (Abbreviated Title) | No. <u>RG08374996</u><br><br>**NOTICE OF CASE MANAGEMENT<br>CONFERENCE AND ORDER (AMENDED)**<br>Unlimited Jurisdiction<br><br>Initial Case Management Conference on<br>08/12/2008 has been vacated and rescheduled. |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
 Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date:  **08/12/2008**<br>Time:  **09:00 AM** | Department: **301**<br> Location: **George E. McDonald Hall of Justice**<br>   **First Floor**<br>   **2233 Shoreline Drive, Alameda  CA  94501**<br><br> Internet: **http://www.alameda.courts.ca.gov** | Judge:  **Ronni MacLaren**<br>Clerk:  **Irene Crowell**<br>Clerk telephone:  **(510) 263-4301**<br>E-mail:<br>**Dept.301@alameda.courts.ca.gov**<br>Fax:  **(510) 267-5713** |

### ORDERS

1.  You must:
    a.  **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  **Give notice** of this conference to any party not included in this notice and file proof of service;
    c.  **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d.  **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is <u>mandatory</u>) at least 15 days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30.  The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference.  Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above.  You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

  *Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference.  Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946.  This service is subject to charges by the vendor.

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

  Executed on 03/21/2008.

     By    *Carolyn Simpson*
              Deputy Clerk


*6290641*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF ALAMEDA

DATE:  March 21, 2008                          DEPARTMENT 301

HON. RONNI B. MacLAREN, Judge               CAROL SIMPSON, Deputy Clerk

---

THERESA HORTON, an individual,

    Plaintiff,                                    CASE NO. RG08374996

    v.

CONCENTRA HEALTH SERVICES, INC. a
Corporation, DIANA ROZA, an individual, and
DOES 1-50, inclusive,

    Defendants.

**FILED**
ALAMEDA COUNTY

MAR 2 1 2008

CLERK OF THE SUPERIOR COURT
By _Carolyn Simpson_
                   Deputy

---

### <u>MINUTE ORDER</u>

The matter having been reassigned to Judge MacLaren for all purposes, the Court
hereby gives notice that a Case Management Conference is scheduled for
August 12, 2008 at 09:00 AM in Dept. 301.

Updated Case Management Statements in compliance with CRC § 3.725, on Judicial
Council Form CM-110, must be filed no later than July 28, 2008.

### DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that on the date stated below I mailed
(first class, postage pre-paid) a copy of this minute order to the persons thereto,
addressed as follows:

Law office of Lawrence A. Organ
404 San Anselmo Avenue
San Anselmo, CA 94960

Executed at Alameda, California on March, 2008

I declare under penalty of perjury that the same is true and correct.
PAT SWEETEN, EXECUTIVE OFFICER/CLERK

By:  Carol Simpson, Deputy Clerk

**EXHIBIT H**

| Date | Action | Image (Java) | Image (TIFF) |
|------|--------|:---:|:---:|
| 03/05/08 | Complaint - Wrongful Termination Filed | | |
| 03/05/08 | Civil Case Cover Sheet Filed for Teresa Horton | | |
| 03/05/08 | Summons on Complaint Issued and Filed | | |
| 03/07/08 | Initial Case Management Conference 08/12/2008 03:00 PM D- 17 | | |
| 03/07/08 | Notice of Judicial Assignment for All Purposes Issued | | |
| 03/19/08 | Request Re: Peremptory Challenge as to Judge Steven A. Brick Filed for Teresa Horton | | |
| 03/20/08 | Request Re: Peremptory Challenge as to Judge Steven A. Brick Granted | | |
| 03/21/08 | Notice of Judicial Reassignment for All Purposes Issued | | |
| 03/21/08 | Order MINUTES Filed | | |
| 03/21/08 | Hearing Reset to Initial Case Management Conference 08/12/2008 09:00 AM D- 301 | | |

**EXHIBIT I**

1   ARTHUR M. EIDELHOCH, Bar No. 168096
    PAUL S. COWIE, Bar No. 250131
2   LITTLER MENDELSON
    A Professional Corporation
3   650 California Street, 20th Floor
    San Francisco, CA  94108.2693
4   Telephone:    415.433.1940
    Fax No.:      415.399.8490
5
    Attorneys for Defendant
6   CONCENTRA HEALTH SERVICES, INC. and
    DIANA ROZA
7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF ALAMEDA

10              RENE C. DAVIDSON ALAMEDA COUNTY COURTHOUSE

11   TERESA HORTON, an individual,            Case No.  RG08374996

12                  Plaintiff,                **NOTICE TO STATE COURT,
                                              PLAINTIFF AND COUNSEL OF
13           v.                               REMOVAL OF CIVIL ACTION TO
                                              FEDERAL COURT UNDER 28 U.S.C.
14   CONCENTRA HEALTH SERVICES, INC. a        §§ 1332, 1441 AND 1446 (DIVERSITY)**
     corporation, DIANA ROZA, an individual, and
15   DOES 1-50, inclusive,                    Complaint Filed:    March 5, 2008

16                  Defendants.

17

18   TO THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
     AND TO PLAINTIFF TERESA HORTON AND HER ATTORNEY OF RECORD:
19

20              PLEASE TAKE NOTICE that Defendant CONCENTRA HEALTH SERVICES INC.

21   has, on April 2, 2008, filed a Notice of Removal in the office of the Clerk of the United States

22   District Court in and for the Northern District of California.  A true and correct copy of said Notice

23   of Removal and accompanying exhibits are attached hereto and incorporated herein by reference as

24   Exhibit 1.

25

26

27

28

ER MENDELSON
ESSIONAL CORPORATION
) California Street
20th Floor
ICISCO, CA  94108 2693
415 433 1940

NOTICE OF REMOVAL TO FEDERAL COURT                    CASE NO. RG08374996

1        PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of

2  said Notice of Removal of Civil Action with the United States District Court, together with the filing

3  of said Notice of Removal of Civil Action with this Court, effects the removal of this action and this

4  Court may proceed no further unless and until the case is remanded.

5

6  Dated: April 2, 2008

7

8                      ARTHUR M. EIDELHOCH

9                      LITTLER MENDELSON
                          A Professional Corporation

10                    Attorneys for Defendants
                        CONCENTRA HEALTH SERVICES, INC.

11                    and DIANA ROZA

12  Firmwide:84719746.1 048065.1031

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO FEDERAL COURT        CASE NO. RG08374996

ER MENDELSON
issional corporation
California Street
20th Floor
cisco, CA 94108 2693
415 433.1940

1   ARTHUR M. EIDELHOCH, Bar No. 168096
    PAUL S. COWIE, Bar No. 250131
2   LITTLER MENDELSON
    A Professional Corporation
3   650 California Street, 20th Floor
    San Francisco, CA  94108.2693
4   Telephone:    415.433.1940
    Fax No.:    415.399.8490
5
    Attorneys for Defendant
6   CONCENTRA HEALTH SERVICES, INC. and
    DIANA ROZA
7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                               COUNTY OF ALAMEDA

10               RENE C. DAVIDSON ALAMEDA COUNTY COURTHOUSE

11  TERESA HORTON, an individual,              Case No.  RG08374996

12              Plaintiff,                     **PROOF OF SERVICE OF NOTICE TO
                                               STATE COURT, PLAINTIFF AND
13        v.                                   COUNSEL OF REMOVAL OF CIVIL
                                               ACTION TO FEDERAL COURT
14  CONCENTRA HEALTH SERVICES, INC. a          UNDER 28 U.S.C. §§ 1332, 1441 AND
    corporation, DIANA ROZA, an individual, and 1446 (DIVERSITY)**
15  DOES 1-50, inclusive,
                                               Complaint Filed:    March 5, 2008
16              Defendants.

17

18              I am a resident of the State of California, over the age of eighteen years, and not a

19  party to the within action. My business address is 650 California Street, 20th Floor, San Francisco,

20  California 94108.2693.  On April 2, 2008, I served the within document(s):

21              **NOTICE TO STATE COURT, PLAINTIFF AND COUNSEL OF
                REMOVAL OF CIVIL ACTION TO FEDERAL COURT
22              UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY)**

23              **PROOF OF SERVICE**

24  ☐           by facsimile transmission at or about _____ on that date. This document
25              was transmitted by using a facsimile machine that complies with California Rules
                of Court Rule 2003(3), telephone number 415.399.8490. The transmission was
26              reported as complete and without error. A copy of the transmission report, properly
                issued by the transmitting machine, is attached. The names and facsimile numbers
27              of the person(s) served are as set forth below.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA  94108 2693
415 433 1940

**PROOF OF SERVICE**                                    **CASE NO. RG08374996**

☐ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Francisco, California addressed as set forth below.

☒ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ (By e-mail or electronic transmission) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is psloan@littler.com.

Lawrence A. Organ
Allison J. Stone
Law Offices of Lawrence A. Organ
404 San Anselmo Avenue
San Anselmo, CA  94960

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 2, 2008, at San Francisco, California.

_Pamela Sloan_
Pamela A. Sloan

Firmwide:84680597.1 048065.1031

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

2.

**PROOF OF SERVICE**                                                    **CASE NO. RG08374996**