ARTHUR M. EIDELHOCH, Bar No. 168096
PAUL S. COWIE, Bar No. 250131
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:   415.433.1940
Facsimile:    415.399.8490
Email:    aeidelhoch@littler.com
Email:    pcowie@littler.com

Attorneys for Defendants
CONCENTRA HEALTH SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA HORTON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CONCENTRA HEALTH SERVICES, INC., a corporation,<br><br>　　　　　Defendants. | Case No.  C08-01758 JSW<br><br>**DEFENDANT CONCENTRA HEALTH SERVICES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT** |

COMES NOW DEFENDANT CONCENTRA HEALTH SERVICES, INC. ("Concentra") to answer the First Amended Complaint for Damages ("Complaint") filed by Plaintiff Teresa Horton ("Plaintiff") and admits, denies, and alleges as follows:

**INTRODUCTION**

1.　　Answering Paragraph 1 of the Complaint, Concentra submits that no answer is required to Paragraph 1, which merely purports to recite the causes of action alleged against Concentra.  To the extent an answer is required, Concentra admits that Paragraph 1 seems to recite in summary fashion the labels given by Plaintiff to the causes of action asserted in the Complaint.

2.　　Answering Paragraph 2 of the Complaint, Concentra admits that it is a corporation and that certain of the alleged conduct alleged in the Complaint may have occurred, if at all, in Alameda County.  To the extent that Paragraph 2 asserts conclusions of law, it neither requires

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO UNVERIFIED FIRST
AMENDED COMPLAINT

Case No. C08-01758 JSW

nor warrants a response. Except as specifically admitted, Concentra denies, generally and specifically, each and every allegation in Paragraph 2.

### THE PARTIES

3. Answering Paragraph 3 of the Complaint, Concentra admits that Plaintiff was employed as a Center Administrator at the Concentra Medical Center in Oakland, California. Concentra also admits on information and belief that Plaintiff began working for Concentra on or about September 3, 2002 and continued to work for Concentra until on or about April 12, 2006. Except as specifically admitted, Concentra denies, generally and specifically, each and every other allegation in Paragraph 3. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

4. Answering Paragraph 4 of the Complaint, Concentra specifically denies that it was a corporation organized under the laws of the State of Texas. Concentra was at all material times a corporation formed under the laws of Nevada. Concentra admits that it maintained a facility in Alameda County. Except as specifically admitted, Concentra denies, generally and specifically, each and every allegation in Paragraph 4.

5. Answering Paragraph 5 of the Complaint, Concentra lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies, generally and specifically, each and every allegation. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

6. Answering Paragraph 6 of the Complaint, Concentra states that because there is only one named defendant, the allegations do not make sense and, on that basis, Concentra denies, generally and specifically, each and every allegation in Paragraph 6. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

### GENERAL ALLEGATIONS

7. Answering Paragraph 7 of the Complaint, Concentra incorporates by reference its responses to Paragraphs 1 through 6 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

ANSWER TO UNVERIFIED FIRST
AMENDED COMPLAINT    2.    Case No. C08-01758 JSW

8. Answering paragraph 8 of the Complaint, Concentra admits the allegations therein.

9. Answering Paragraph 9 of the Complaint, Concentra admits, on information and belief, that Plaintiff began working for Concentra as a Center Administrator on or about September 3, 2002. Except as specifically admitted, Concentra denies, generally and specifically, each and every other allegation in Paragraph 9.

10. Answering Paragraph 10 of the Complaint, Concentra admits that Plaintiff had some role in operations of a health clinic in the Concentra Medical Center in Oakland, California. Except as specifically admitted, Concentra denies, generally and specifically, each and every allegation in Paragraph 10.

11. Answering Paragraph 11 of the Complaint, Concentra lacks sufficient information and belief to admit or deny Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation in Paragraph 11.

12. Answering Paragraph 12 of the Complaint, Concentra lacks sufficient information and belief to admit or deny Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation in Paragraph 12.

13. Answering Paragraph 13 of the Complaint, Concentra lacks sufficient information and belief to admit or deny the allegations and, on that basis, denies, generally and specifically, each and every allegation in Paragraph 13.

14. Answering Paragraph 14 of the Complaint, Concentra lacks sufficient information and belief to admit or deny the allegations and, on that basis, denies, generally and specifically, each and every allegation in Paragraph 14.

15. Answering Paragraph 15 of the Complaint, Concentra lacks sufficient information and belief to admit or deny the allegations and, on that basis, denies, generally and specifically, each and every allegation in Paragraph 15.

16. Answering Paragraph 16 of the Complaint, Concentra admits that Plaintiff spoke to Paul Ziembowicz about certain alleged workplace issues and, on information and belief, admits that this occurred in or around September 2005. Except as specifically admitted, Concentra

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT    3.    Case No. C08-01758 JSW

denies, generally and specifically, each and every other allegation in Paragraph 16. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

17. Answering Paragraph 17 of the Complaint, Concentra admits that Kim Hogan informed Plaintiff that the issues raised by Plaintiff had been addressed. Except as specifically admitted, Concentra lacks sufficient information and belief to admit or deny Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every allegation in Paragraph 17.

18. Answering Paragraph 18 of the Complaint, Concentra admits that Plaintiff was counseled regarding deficiencies in her performance. Except as specifically admitted, Concentra denies, generally and specifically, each and every other allegation in Paragraph 18.

19. Answering Paragraph 19 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 19.

20. Answering Paragraph 20 of the Complaint, Concentra admits that Plaintiff was given a written warning regarding her performance in or about November 2005. Except as specifically admitted, Concentra denies, generally and specifically, each and every allegation in Paragraph 20.

21. Answering Paragraph 21 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 21.

22. Answering Paragraph 22 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 22.

23. Answering Paragraph 23 of the Complaint, Concentra admits that Plaintiff was told by Ms. Roza that she should not attend the Annual Center Administrator Conference and that Jacqueline Strong would attend the conference in her place. Except as specifically admitted, Concentra denies, generally and specifically, each and every allegation in Paragraph 23.

24. Answering Paragraph 24 of the Complaint, Concentra lacks sufficient information and belief to admit or deny the allegation and, on that basis, denies, generally and specifically, each and every allegation in Paragraph 24. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

25. Answering Paragraph 25 of the Complaint, Concentra admits that in or around December 2005 Kim Hogan and Dani Kendall contacted Plaintiff to discuss Plaintiff's performance. Except as specifically admitted, Concentra denies, generally and specifically, each and every allegation in Paragraph 25.

26. Answering Paragraph 26 of the Complaint, Concentra admits that a meeting was held with the Center Administrators in the Bay Area/Fresno market in which financial performance of the Company was discussed. Except as specifically admitted, Concentra denies, generally and specifically, each and every allegation in Paragraph 26.

27. Answering Paragraph 27 of the Complaint, Concentra admits that Plaintiff received a final written warning in or about January 2006. Except as specifically admitted, Concentra lacks sufficient information and belief to admit or deny Plaintiff's allegations and, on that basis, denies, generally and specifically, each and every other allegation in Paragraph 27.

28. Answering Paragraph 28 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 28.

29. Answering Paragraph 29 of the Complaint, Concentra lacks sufficient information and belief to admit or deny the allegations and, on that basis denies, generally and specifically, each and every allegation in Paragraph 29.

30. Answering Paragraph 30 of the Complaint, Concentra admits that a meeting was held on April 4, 2006 and that Plaintiff's performance was discussed by several members of the Area Leadership Team and the Center Leadership Team. Except as specifically admitted, Concentra denies, generally and specifically, each and every other allegation in Paragraph 30.

31. Answering Paragraph 31 of the Complaint, Concentra admits that it terminated Plaintiff's employment. Except as specifically admitted, Concentra denies, generally and specifically, each and every other allegation in Paragraph 31. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

32. Answering Paragraph 32 of the Complaint, Concentra denies, generally and specifically, all allegations in Paragraph 32. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

33. Answering Paragraph 33 of the Complaint, Concentra denies, generally and specifically, all allegations in Paragraph 33. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion

### FIRST CAUSE OF ACTION

34. Answering Paragraph 34 of the Complaint, Concentra incorporates by reference its responses to Paragraphs 1 through 33 of the Complaint.

35. Answering Paragraph 35 of the Complaint, Concentra states that to the extent Paragraph 35 purports to be a statement of law, it does not require or permit a response.

36. Answering Paragraph 36 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 36. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

37. Answering Paragraph 37 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 37. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

38. Answering Paragraph 38 of the of the Complaint, Concentra states that to the extent Paragraph 38 purports to be a statement of law, it does not require or permit a response. To the extent a response is required, Concentra denies, generally and specifically, each and every allegation in Paragraph 38.

39. Answering Paragraph 39 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 39. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

40. Answering Paragraph 40 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 40. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

41. Answering Paragraph 41 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 41. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT    6.    Case No. C08-01758 JSW

## SECOND CAUSE OF ACTION

42. Answering Paragraph 42 of the Complaint, Concentra incorporates by reference its responses to Paragraphs 1 through 41 of the Complaint.

43. Answering Paragraph 43 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 43. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

44. Answering Paragraph 44 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 44. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

45. Answering Paragraph 45 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 45. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

46. Answering Paragraph 46 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 46. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

47. Answering Paragraph 47 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 47. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

48. Answering Paragraph 48 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 48. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

49. Answering Paragraph 49 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 49. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

50. Answering Paragraph 50 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 50. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT

7.

Case No. C08-01758 JSW

51. Answering Paragraph 51 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 51. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

52. Answering Paragraph 52 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 52. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

### THIRD CAUSE OF ACTION

53. Answering Paragraph 53 of the Complaint, Concentra incorporates by reference its responses to Paragraphs 1 through 52 of the Complaint.

54. Answering Paragraph 54 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 54. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

55. Answering Paragraph 55 of the Complaint, Concentra states that, to the extent Paragraph 55 purports to be a statement of law, it does not require or permit a response. To the extent a response is required, Concentra denies, generally and specifically, each and every allegation in Paragraph 55.

56. Answering Paragraph 56 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 56. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

57. Answering Paragraph 57 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 57. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

### FOURTH CAUSE OF ACTION

58. Answering Paragraph 58 of the Complaint, Concentra incorporates by reference its responses to Paragraphs 1 through 57 of the Complaint.

59. Answering Paragraph 59 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 59. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT    8.    Case No. C08-01758 JSW

60.    Answering Paragraph 60 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 60. Concentra is not required to and does not admit or deny those allegations in this Paragraph which constitute a legal assertion or conclusion.

61.    Answering Paragraph 61 of the Complaint, Concentra denies, generally and specifically, each and every allegation in Paragraph 61.

62.    Answering Paragraph 62 of the Complaint, Concentra states that to the extent that Paragraph 62 purports to be a statement of law, it does not require or permit a response. To the extent a response is required, Concentra denies, generally and specifically, each and every allegation in Paragraph 62.

## PRAYER FOR RELIEF

No answer is required to Plaintiff's Prayer for Relief, which merely sets forth the type of relief sought by Plaintiff. To the extent an answer is required, Concentra denies, generally and specifically, each and every allegation and alleged entitlement to relief set forth under the heading Prayer for Relief.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint, Concentra alleges as follows:

AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that the Complaint, and each and every cause of action contained therein, fails to properly state a claim upon which relief can be granted.

AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that the claims of Plaintiff are barred, in whole or in part, by applicable statutes of limitations.

AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff's claims cannot be maintained against Concentra because if employees of Concentra took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Concentra and/or Concentra did not know of nor should it have known of such conduct.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO UNVERIFIED FIRST
AMENDED COMPLAINT                    9.                    Case No. C08-01758 JSW

AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that prosecution of this action under Business and Professions Code section 17200 *et seq.*, as applied to the facts and circumstances of this case, constitutes a denial of due process rights under the United States and California Constitutions.

AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that its business actions or practices were not "unfair" within the meaning of California Business and Professions Code section 17200, *et seq.*

AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that its business actions or practices were not "unlawful" within the meaning of California Business and Professions Code section 17200, *et seq.*

AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that its business actions or practices were not "harmful" within the meaning of California Business and Professions Code section 17200, *et seq.*

AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that its business actions or practices were not "fraudulent" or "deceptive" within the meaning of California Business and Professions Code section 17200, *et seq.*

AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff is not entitled to recover equitable relief because an adequate remedy at law exists.

AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that the Complaint fails to properly state facts upon which restitution or disgorgement of monies may be ordered.

AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff was treated fairly and in good faith, and that all actions taken by Concentra with regard to Plaintiff were for lawful, nondiscriminatory and nonretaliatory business reasons, were not motivated by any alleged complaints made by Plaintiff regarding sexual harassment, and were otherwise justified, privileged and/or done in good faith and/or with Plaintiff's consent.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT    10.    Case No. C08-01758 JSW

AS A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff's alleged claims are barred, in whole or in part, by her unreasonable failure to take advantage of preventive and corrective opportunities and/or exhaust all other internal remedies available to her.

AS A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff has failed to take reasonable steps to mitigate her alleged damages.

AS A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff engaged in wrongdoing during her employment, and that the after-acquired evidence of this wrongdoing bars Plaintiff's claims of liability and/or damages or reduces such claims to the fullest extent allowed by law.

AS A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff's claims are barred by the equitable doctrines of estoppel, waiver, unclean hands and/or laches.

AS A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that the Complaint is preempted to the extent that the exclusive right and remedy for the injuries Plaintiff claims to have suffered during her employment is to be found, if at all, in workers' compensation proceedings and this Court is without subject matter jurisdiction as to those claims covered by that exclusive right and remedy (Labor Code Section 3600, *et seq.*); that Concentra has a program to provide such compensation in accordance with the California Labor Code and in so far as Plaintiff's alleged injuries allegedly occurred when Plaintiff was performing services incidental to her employment and where the alleged injuries were proximately caused by her employment. Alternatively, to the extent that the claims are not barred by the Workers' Compensation Act, the Court is nonetheless without jurisdiction to award damages for Plaintiff's industrial injuries, if any.

AS A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff has failed to state facts sufficient to constitute a claim for which attorneys' fees and costs may be awarded.

AS AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that the injuries and damages alleged in the Complaint were caused by and/or

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO UNVERIFIED FIRST
AMENDED COMPLAINT

11.

Case No. C08-01758 JSW

were contributed to by Plaintiff's own acts or failures to act, and that Plaintiff's recovery, if any, must be reduced by an amount proportionate to the amount by which said acts caused or contributed to said alleged injuries or damages.

AS A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that the damages alleged in the Complaint were proximately caused by or contributed to by the acts, or failures to act, of persons or entities other than Concentra, and that these acts or failures to act constitute an intervening and superseding cause of the damages and injuries alleged in the Complaint.

AS A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that at no time did it act maliciously, oppressively, wantonly or with any bad faith.

AS A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that at no time did it have knowledge of, authorize, consent to or ratify any knowing, malicious, intentional, or willful conduct toward Plaintiff.

AS A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that any award to Plaintiff must be offset by all sums received by Plaintiff from any source, including, but not limited to, unemployment insurance, private insurance, state disability insurance, Social Security disability payments, workers' compensation payments, pension benefits, and any sums earned by Plaintiff in other employment.

AS A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff's claims for punitive and emotional distress damages are barred, in whole or in part, by the United States and California constitutions.

AS A TWENTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that to the extent Concentra was aware of wrongful conduct, if any, Concentra exercised reasonable care to prevent and promptly correct such conduct.

AS A TWENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff was an at-will employee within the meaning of California Labor Code section 2922.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT      12.      Case No. C08-01758 JSW

AS A TWENTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded.

AS A TWENTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice, act, omission, and/or procedure promulgated and/or tolerated by Concentra.

AS A TWENTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that if Plaintiff suffered any emotional distress (and Concentra denies that Plaintiff suffered any such distress), such distress was caused, in whole or in part, by a cause, condition, person or entity unrelated to and/or not employed by Concentra.

AS A TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that it conducted a reasonable investigation of any complaint by Plaintiff of inappropriate conduct, if any such complaints were made, and took all necessary and appropriate action based on that investigation.

AS A THIRTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff has violated California Labor Code Section 2854 in that Plaintiff failed to use ordinary care and diligence in the performance of her duties.

AS A THIRTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff has violated California Labor Code Section 2856 including that Plaintiff did not substantially comply with the directions of her employer in carrying out the duties of her employment regarding services in which Plaintiff was engaged.

AS A THIRTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff has violated California Labor Code Section 2857 including that she failed to perform her services in conformity to the usage of the place of performance.

AS A THIRTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff has violated California Labor Code Section 2858 including that Plaintiff failed to exercise a reasonable degree of skill in performance of her duties of employment.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT     13.     Case No. C08-01758 JSW

AS A THIRTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff has violated California Labor Code Section 2859 including that Plaintiff has failed to use the skills she possessed as required for services specified to be performed in her employment.

AS A THIRTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff did not engage in protected activity.

AS A THIRTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff's maintenance of this action is frivolous, vexatious, and unreasonable, thereby entitling the answering Concentra to reasonable attorneys' fees.

AS A THIRTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Concentra alleges that Plaintiff's cause of action for Wrongful Discharge in Violation of Public Policy is repetitive and redundant.

### PRAYER FOR RELIEF

WHEREFORE, Concentra prays that:

1. The Complaint be dismissed in its entirety with prejudice;

2. Plaintiff take nothing by her Complaint;

3. Judgment be entered in favor of Concentra and against Plaintiff on all issues and causes of action;

4. Concentra be awarded its costs of suit and reasonable attorneys' fees; and

5. The Court award Concentra such other and further relief as it deems appropriate.

Dated: May 12, 2008

*[signature]*

ARTHUR M. EIDELHOCH
PAUL S. COWIE
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
CONCENTRA HEALTH SERVICES, INC.

Firmwide:84808816.1 048065.1031

ANSWER TO UNVERIFIED FIRST AMENDED COMPLAINT     14.     Case No. C08-01758 JSW